JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Willie Wilburn, appeals the judgment of the Cuyahoga County Common Pleas Court convicting and sentencing him for one count of aggravated robbery and two counts of intimidation following a bench trial for those offenses.
 {¶ 2} On the evening of November 20, 2002, David Gerdes ("Gerdes") was returning to his home on the near west side of Cleveland after having purchased a six-pack of beer at a local store. As he was exiting his vehicle, two males were walking down his street and asked for a cigarette. When Gerdes refused to give them a cigarette, one of the males asked Gerdes if "had a problem with niggers." Gerdes at this point walked toward the males and asked them to leave the area. One of the males, later identified as appellant, then punched Gerdes, causing him to fall to the ground. Appellant and his accomplice thereafter repeatedly punched Gerdes, inflicting approximately ten to 20 blows to Gerdes's head and body. Gerdes heard the accomplice, the older of the two assailants, tell appellant to "[g]et his wallet." Appellant then did so. Appellant and his accomplice also took Gerdes's recently purchased beer and left the area.
 {¶ 3} A neighbor, Russell Williams ("Williams"), overheard the conversation between Gerdes, appellant and the latter's accomplice and called the police. This neighbor testified that he heard the assailants ask for cigarettes as well as make racial slurs. Although Williams was unable to positively identify which individual first struck Gerdes, he did observe both repeatedly strike Gerdes thereafter. He also overheard the older of the assailants say "[g]et his wallet."
 {¶ 4} The police arrived and Gerdes thereafter received treatment, which consisted of stitches to his chin and pain medication, at nearby MetroHealth Medical Center. While leaving the hospital, Gerdes observed his assailants in the waiting area. Although security was alerted, the two assailants left the hospital only to be apprehended a short distance away. Cleveland Police Officer Michael Kovach questioned appellant. Officer Kovach testified that appellant admitted taking Gerdes's wallet but only because it was "a drug deal gone bad" and Gerdes "didn't want to pay." Officer Kovach and Officer Timothy McGinty placed appellant in a police car and transported him back to MetroHealth Medical Center where Gerdes identified appellant as his assailant. Gerdes also identified the wallet taken from appellant as his, although most of its contents were missing.
 {¶ 5} Officers Kovach and McGinty both testified that appellant hurled threatening epithets at the officers during appellant's transport from the hospital to the police station. Specifically, the officers testified that appellant threatened "to get a gun and kill" them. Officer Kovach testified:
 {¶ 6} "[Appellant] was angry, irate. He was thrashing about in the back seat. He said it several times. Then he continued that he was going to get the victim Gerdes. He knew where he lived. He said his people would get him and I wouldn't make it to trial. Then he continued to threaten to kill myself, [and] my partner several times."
 {¶ 7} Officer McGinty testified:
 {¶ 8} "[Appellant] became a little agitated in the back seat. * * * He made a statement to me that he was not the suspect, that he was misidentified. He was not involved in any crimes. He then became more agitated and he stated that if he had a gun, he will (sic) kill me and kill my partner. He would kill all the policemen if he had a chance."
 {¶ 9} Appellant was eventually indicted for one count of aggravated robbery and two counts of intimidation, one count against each of the officers. Appellant waived a jury trial and was found guilty by the trial judge of all counts as indicted.
 {¶ 10} Appellant is now before this court and assigns three errors for our review.
 I {¶ 11} In his first assignment of error, appellant contends that the trial court erred when it denied his motion for acquittal on the intimidation charges because there was insufficient evidence to support a conviction for these offenses.
 {¶ 12} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 13} The indictment in this case charged appellant with two counts of intimidation — one count against each of the police officers involved in appellant's arrest. Count Two of the indictment reads:
 {¶ 14} "The Grand Jurors, on their oath, further find that [appellant], unlawfully, and knowingly and by force or by unlawful threat of harm, did attempt to influence, intimidate or hinder Ptl. M. Kovach #2403, a public servant in the discharge of his duty."
 {¶ 15} The language of Count Three is identical except that the subject of the intimidation is Officer McGinty and, as such, the indictment contains his badge identification number. The language of the indictment follows R.C. 2921.03, which governs intimidation and provides, in relevant part:
 {¶ 16} "No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of the person's duty."
 {¶ 17} The indictment, however, mistakenly references R.C. 2921.04, which governs intimidation of an attorney, victim or witness in a criminal case. It is appellant's contention that this error justifies a reversal of his convictions for intimidation because there was insufficient evidence to convict him of violating R.C. 2921.04. We disagree.
 {¶ 18} Crim.R. 7(B) governs the nature and contents of an indictment and provides, in relevant part:
 {¶ 19} "* * * Each count of the indictment * * * shall state the numerical designation of the statute that the defendant is alleged to have violated. Error in the numerical designation * * * shall not be ground * * * for reversal of a conviction, if the error * * * did not prejudicially mislead the defendant."
 {¶ 20} The language of the indictment closely follows R.C. 2921.03
despite the incorrect numerical designation. As such, appellant can demonstrate no prejudice because the incorrect numerical designation did not mislead him as to the charges against him. The language of the indictment alleges that appellant "did attempt to influence, intimidate or hinder" each of the officers, both of whom were public servants in the discharge of their duties. It is this conduct that R.C. 2921.03 addresses and for which appellant was charged as violating. That the indictment incorrectly references R.C. 2921.04, another statute directed at intimidation, does not require this court to reverse appellant's convictions for these offenses on the basis of insufficient evidence if sufficient evidence was presented that appellant violated R.C. 2921.03. See, e.g., State v. Cooey (1989), 46 Ohio St.3d 20, 23.
 {¶ 21} Both officers in this case testified that appellant repeatedly threatened to kill them and that these threats occurred while the officers were discharging their duties as police officers in effecting appellant's arrest. This testimony, if believed, would serve as sufficient evidence to support a conviction for intimidation as governed by R.C. 2921.03.
 {¶ 22} We see no error by the trial court in denying appellant's motion for acquittal as to the intimidation charges against him. Appellant's first assignment of error, therefore, is not well taken and is overruled.
 II {¶ 23} In his second assignment of error, appellant contends that his convictions are against the manifest weight of the evidence.
 {¶ 24} A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice
 {¶ 25} that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 Aggravated Robbery {¶ 26} Appellant appears to make a sufficiency-of-the-evidence argument regarding his conviction for aggravated robbery rather than a manifest-weight-of-the-evidence argument. Specifically, appellant contends that Gerdes's "four stitches and some painkillers * * * fails to qualify as `serious physical harm'" as defined by R.C. 2901.01(A)(5).
 {¶ 27} Reviewed as a sufficiency argument, we note that appellant was charged with aggravated robbery, in violation of R.C. 2911.01. As applicable to this case, this statute prohibits a person from inflicting or attempting to inflict "serious physical harm on another" when committing a theft offense. See R.C. 2911.01(A)(3). "Serious physical harm" includes any physical harm that involves "some permanent disfigurement or that involves some temporary, serious disfigurement" or "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C.2901.01(A)(5)(d) and (e). Thus, a conviction for aggravated robbery is sustainable if sufficient evidence was presented to convince the trier of fact that appellant inflicted or attempted to inflict serious physical harm as defined by statute.
 {¶ 28} Gerdes testified that he was first struck on the side of his face and then was struck another "ten to 20 times" by both appellant and his accomplice. At one point, he fell to the ground, tried to get up, but fell to the ground again. Medical records admitted during trial indicate that Gerdes was treated for a closed head injury and that the injuries he sustained were the result of "fists to head, most to R[ight] eye." Gerdes suffered not only swelling of his right eye but a laceration under his chin that required stitches. This evidence, if believed, would be sufficient to demonstrate that appellant at the very least attempted to inflict serious physical harm. Repeated blows to the head could be construed as having the potential to cause not only temporary or permanent disfigurement but acute or prolonged pain so as to satisfy R.C.2901.01(A)(5)(d) or (e).
 {¶ 29} When analyzed under a manifest-weight-of-the-evidence standard of review, we find no manifest miscarriage of justice. Gerdes's testimony was consistent with that of Russell Williams as to the events preceding his attack and is similarly consistent with the medical records admitted at trial as to the extent of his injuries.
 Intimidation {¶ 30} Appellant contends that the weight of the evidence does not support that he threatened the officers so as to prevent them from testifying as witnesses in this case in violation of R.C. 2921.04. In Section II(B) we discussed that appellant, for all intents and purposes, was indicted and found guilty of violating R.C. 2921.03. It was only due to an incorrect numerical designation that the record references R.C.2921.04. Under Crim.R. 7(B), this alone does not invalidate appellant's conviction for intimidation.
 {¶ 31} In this case, credible evidence existed sufficient to induce the trial court to believe that appellant intimidated Officers Kovach and McGinty while both were in the course of discharging their duties as police officers. The officers testified that appellant repeatedly threatened to kill them. Officer McGinty testified that appellant stated that he would kill him, his partner and all police officers "if he had a gun" or "if he had a chance." Officer Kovach testified that appellant repeatedly threatened that he "was going to get a gun" and kill him and Officer McGinty.
 {¶ 32} Appellant claims that his comments to the officers did not constitute real threats because it is undisputed that appellant had no gun and, therefore, did not have any present means to carry out the perceived threats. It is the unlawful threat of harm, however, and not actual harm, that serves as a basis for the offense of intimidation. Moreover, physical harm can be inflicted through means other than the use of a gun. Because there existed credible testimony that appellant unlawfully threatened harm to Officers Kovach and McGinty while they were effecting his arrest, appellant's convictions for these offenses is not against the manifest weight of the evidence.
 {¶ 33} Appellant's second assignment of error is not well taken and is overruled.
 III. {¶ 34} In his third assignment of error, appellant contends that the imposition of post-release control should be vacated because the trial court failed to inform him on the record that it was part of his sentence. The state concedes that the trial court failed to inform appellant that post-release control was part of his sentence. Rather than vacate, however, the state contends that the matter should be remanded for resentencing.
 {¶ 35} This author recently addressed this issue in State v.Johnson, Cuyahoga App. No. 81814, 2003-Ohio-4180. In that case, a unanimous panel of this court acknowledged the differences of opinion on this court as to the appropriate manner in which to handle this issue. See State v. Johnson, supra at ¶¶ 38-39. In concluding that post-release control is not properly part of a criminal defendant's sentence when that defendant is not so informed during the sentencing hearing, we stated:
 {¶ 36} "We are compelled to follow this latter position. Those panels following the Johnson [State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581][1] line of reasoning do so because of the mandatory requirement of post-release control under R.C. 2967.28(B). Because of the mandatory nature of post-release control, its omission by the trial court makes the sentence statutorily incorrect and, therefore, void. Yet theWoods court made no distinction between mandatory and discretionary post-release control as the Johnson [2002-Ohio-4581] court would intimate. See Johnson, 2002-Ohio-4581, at ¶ 17. On the contrary, theWoods court explicitly stated that the requirement of informing an offender at the time of sentencing is required by both R.C. 2967.28(B)and (C)."
 {¶ 37} As this court did in Johnson, 2003-Ohio-4180, we, too, remand this case to the trial court to correct the journal entry to accurately reflect what occurred at sentencing.
 {¶ 38} Appellant's third assignment of error is well taken and is sustained.
 Conclusion {¶ 39} Judgment affirmed as to appellant's convictions for aggravated robbery and intimidation. We, nonetheless, remand for the trial court to correct the record to reflect that appellant was convicted of two counts of intimidation, in violation of R.C. 2921.03, not R.C.2921.04. Furthermore, we vacate that portion of appellant's sentence that imposes post-release control and remand to the trial court to correct its journal entry to reflect that post-release control is not part of appellant's sentence.
 {¶ 40} The judgment of the trial court is affirmed in part, vacated in part and remanded.
It is ordered that appellant and appellee equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for proceedings consistent with this opinion.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and John T. Patton,* J., Concur.
[1] To thoroughly confuse the issue, both cases involve criminal defendants with surnames of Johnson. Where possible, we will refer to each case by its citation for purposes of clarity.
* Sitting by Assignment: Judge John T. Patton, retired, of the Eighth District Court of Appeals.