[Cite as *State v. Wimley*, 2011-Ohio-5639.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25588 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARREN A. WIMLEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 09 2815 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

MOORE, Judge.

{¶1} Defendant, Darren A. Wimley, appeals from his conviction for intimidation of a crime witness in the Summit County Court of Common Pleas. For the reasons set forth below, we reverse as to this count only and remand to that court for further proceedings.

I.

{¶2} Wimley had an approximate three-year relationship with Tammy Fogg. Problems arose during the relationship, and Fogg obtained a restraining order against Wimley. In February of 2009, Wimley was incarcerated, but, despite the restraining order, Fogg continued to contact him. On June 8, 2009, Fogg learned of an alleged incident involving her daughter and Wimley, which she subsequently reported to law enforcement. Thereafter, Wimley sent letters to Fogg's mother and allegedly left messages on Fogg's and her mother's answering machines. Fogg interpreted the contents of these communications as threats against her.

**{¶3}** Wimley was indicted on, and found guilty of, one count of intimidation of a crime witness in violation of R.C. 2921.04(B), one count of menacing by stalking in violation of R.C. 2903.211(A)(1), and one count of violating a protection order in violation of R.C. 2919.27. The trial court sentenced Wimley to three years on the intimidation of a crime witness count, six months on the menacing by stalking count, and six months on the violation of a protection order count, to run concurrently.

**{¶4}** Wimley timely appealed his conviction for intimidation of a crime witness and raises two assignments of error for review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUI[T]TAL, AS THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW (SPECIFICALLY NO UNDERLYING CRIMINAL ACTION OR PROCEEDING) TO SUSTAIN A CONVICTION FOR INTIMIDATION OF A CRIME WITNESS UNDER R.C. § 2921.04(B)"

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUI[T]TAL, AS THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW (SPECIFICALLY NO THREAT OF HARM TO INFLUENCE A WITNESS) TO SUSTAIN A CONVICTION FOR INTIMIDATION OF CRIME WITNESS UNDER R.C. § 2921.04(B)."

**{¶5}** In his first and second assignments of error, Wimley argues that his conviction for intimidation of a crime witness was not supported by sufficient evidence. We agree. An evaluation of the sufficiency of the evidence in regard to Wimley's first assignment of error is dispositive of the second assignment of error as well.

**{¶6}** Crim.R. 29(A) provides that the trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction" of an offense charged. The

issue of whether a conviction is supported by sufficient evidence is a question of law, reviewed de novo. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386.

{¶7} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. Id. at 390 (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶8} Wimley was convicted of intimidating a crime witness, in violation of R.C. 2921.04(B) which provides,

> "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."

{¶9} A violation of R.C. 2921.04(B) is a felony of the third degree. R.C. 2921.04(D). R.C. 2921.04(A) also prohibits the intimidation of crime witnesses. However, a violation of R.C. 2921.04(A) is a first degree misdemeanor, as it contains no requirement that the intimidation be perpetuated through "force or by unlawful threat of harm[.]" R.C. 2921.04(A)-(D).

{¶10} The purpose underlying witness intimidation statutes is to prevent serious harm to the administration of justice by aiming "to protect those people who saw, heard or otherwise knew, or were supposed to know, material facts about the criminal proceeding." See *State v.*

*Rivera-Rodriguez*, 9th Dist. Nos. 07CA009154, 07CA009166, 2008-Ohio-1461, at ¶24, (discussing policy underlying similar intimidation statute, R.C. 2921.03(A)), quoting *State v. Crider* (1984), 21 Ohio App.3d 268, 269; see also *State v. Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, at ¶27 ("[W]e acknowledge that the intimidation of witnesses, whether immediately after the commission of a criminal act or after charges have been filed, should not be countenanced and does real harm to the administration of justice.").

{¶11} However, R.C. 2921.04(B), which applies to a victim upon commencement of the commission of a crime, does not apply to a witness until the witness is "involved in a criminal action or proceeding." *Malone* at ¶19-20. The statute does not define "a criminal action or proceeding." Id. at ¶15. In *Malone*, the Ohio Supreme Court addressed that phrase in application to a situation where a defendant was convicted of violating R.C. 2921.04(B) for allegedly threatening a witness prior to the report of the underlying crime to police. Id. at ¶7. After reviewing the usage of the phrase and resulting interpretations throughout "Ohio's statutory scheme and in th[e C]ourt's case law," the Court determined that "a 'criminal action or proceeding' implies a formal process involving a court." Id. at ¶15-18. Therefore the Court concluded that the State had provided insufficient evidence to support the appellant's conviction, as no "formal process involving a court" had commenced prior to the alleged threats. Id. at ¶18, 30.

{¶12} Similarly, here, Wimley argues that the State failed to produce sufficient evidence of an underlying "criminal action or proceeding." In support, Wimley cites the *Malone* Court's interpretation of that phrase. Based upon that interpretation, Wimley argues that the State failed to produce proof that a "formal process involving a court" had commenced prior to the alleged threats made in late June through August of 2009.

{¶13} In support of the existence of an underlying criminal action or proceeding, at trial, the State produced the testimony of Fogg, Fogg's mother, and Officer Michelle Porter. Fogg testified that in June, 2009, she contacted law enforcement because of "some circumstances involving [her] daughter." On June 25, 2009, she stated that she spoke with Officer Porter about her concerns. Thereafter, when Wimley allegedly left threatening telephone messages for Fogg, Fogg believed that a criminal investigation involving Wimley was underway. Fogg's mother testified that she was aware that her daughter had contacted police regarding an incident involving Wimley and Fogg's daughter.

{¶14} Officer Porter testified that Fogg filed a police report relative to the allegations "regarding [ ] Wimley and a minor child" on June 8, 2009. A few days after the report was filed, she spoke with Fogg, and then she went to the jail and spoke with Wimley.

{¶15} Further, the State presented two letters from Wimley. In the letters, Wimley confirms the fact that he was interviewed by detectives in June. This evidence, viewed in the light most favorable to the State, and drawing reasonable inferences therefrom, indicates that a police investigation as to an underlying alleged crime involving Wimley and Fogg's daughter was underway beginning with a police report made in June, 2009. It cannot be discerned from the record if or when a formal process involving a court developed from the investigation to which Fogg, her mother, and Officer Porter alluded.

{¶16} In its response, the State draws upon the holding in *Malone* that "when no crime has been reported and no investigation or prosecution has been initiated, a witness is not 'involved in a criminal action or proceeding' for purposes of R.C. 2921.04(B)." *Id.* at ¶30. Thus, the State maintains that there was a "criminal action or proceeding" underway at the time of the alleged threats because "the record shows that a crime had been reported and an

investigation had been initiated." The State apparently interprets the above quoted language from *Malone* to conversely hold that where a crime *has* been reported and an investigation or prosecution *has been* initiated, a witness *is* involved in a criminal action or proceeding. We disagree with this interpretation.

{¶17} In *Malone*, the Court was presented with a situation where the intimidation occurred pre-report/-investigation. See id. at ¶7-9. However, a ruling upon the particular facts before the Court preliminarily required a determination as to what constitutes a "criminal action or proceeding" for the purposes of R.C. 2921.04(B). The *Malone* Court concluded "a conviction for intimidation of a witness under R.C. 2921.04(B) is not sustainable when the intimidation occurred after the criminal act but *prior to any proceedings flowing from the criminal act in a court of justice*." (Emphasis added.) Id. at ¶10; see also *State v. Davis*, 193 Ohio App.3d 130, 2011-Ohio-1280, at ¶29 (finding that pursuant to *Malone* an investigation by itself does not constitute a criminal action or proceeding) appeal allowed 129 Ohio St.3d 1449, 2011-Ohio-4217. The *Malone* Court's references to pre-report/-investigation situations correlate to the fact pattern and certified question before it. See *Malone* at ¶1 ("The only issue that we address today is whether R.C. 2921.04(B), a witness-intimidation statute, applies to threats made before any police investigation or legal proceeding has commenced in a case."); id. at ¶7-9; id. at ¶30 ("[W]e hold that when no crime has been reported and no investigation or prosecution has been initiated, a witness is not 'involved in a criminal action or proceeding' for purposes of R.C. 2921.04(B)."). However, the definition of a "criminal action or proceeding" that the Court provided compels the requirement of evidence as to an underlying proceeding in a court of justice to sustain a conviction under R.C 2921.04(B).

**{¶18}** Therefore, as the record contains no evidence of "any proceedings flowing from the criminal act in a court of justice," we find that the State failed to prove the element of "criminal action or proceeding" to support a conviction under R.C. 2921.04(B). See *Malone* at ¶10.

**{¶19}** Lastly, as the Supreme Court noted *Malone*, "[W]e acknowledge that the intimidation of witnesses, whether immediately after the commission of a criminal act or after charges have been filed, should not be countenanced and does real harm to the administration of justice. Ohio's statutory scheme does protect a witness in a potential criminal action from the threats of a perpetrator; it simply does not do so through R.C. 2921.04." *Malone* at ¶27. Thus, in the present case, although Wimley's conviction for violating R.C. 2921.04 cannot stand due to insufficient evidence of a pending "criminal action or proceeding," Wimley's alleged threats could have formed the basis for other charges. For example, in *Malone*, the Supreme Court pointed out that "[t]he intimidation that occurred in th[at] case could fall under Ohio's aggravated-menacing statute, R.C. 2903.21, which states: '(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. (B) Whoever violates this section is guilty of aggravated menacing. Except as otherwise provided in this division, aggravated menacing is a misdemeanor of the first degree.'" *Malone* at ¶27-29.

**{¶20}** Accordingly, Wimley's first assignment of error is sustained. Due to our disposition of his first assignment of error, Wimley's second assignment of error is rendered moot. See App.R. 12(A)(1)(c).

III.

**{¶21}** Wimley's first assignment of error is sustained. This Court declines to address his second assignment of error, as it is rendered moot. The judgment of the Summit County Court of Common Pleas is reversed as to count one only and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, P. J.
CONCURS, SAYING:

{¶22} I concur in the majority's judgment. I agree that there was insufficient evidence to support a conviction for intimidating a crime witness in violation of R.C. 2921.04(B). I write separately to note that Wimley's alleged threats might, however, have formed the basis for a charge of intimidation pursuant to R.C. 2921.03(A), which provides that "[n]o person, *** by unlawful threat of harm to any person or property, *** shall attempt to influence, intimidate, or hinder a *** witness in the discharge of the person's duty." This Court affirmed the conviction of a defendant charged with a violation of R.C. 2921.03(A) where the man had made a motion underneath his throat and pointed to witnesses at the scene of his arrest. *State v. Rivera-Rodriguez*, 9th Dist. Nos. 07CA009154, 07CA009166, 2008-Ohio-1461. Wimley's letters and telephone messages to Fogg and her mother in light of Fogg's complaint to law enforcement about the incident between Wimley and Fogg's daughter might have supported a charge of intimidation in violation of R.C. 2921.03(A) as we recognized the application of that statute in *Rivera-Rodriguez*.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.