[Cite as *State v. DeJarnette*, 2011-Ohio-5672.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96553**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STANLEY DEJARNETTE

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543896

**BEFORE:**    Sweeney, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**    November 3, 2011

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, Suite 335
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Nathaniel Tosi, Esq.
     James M. Price, Esq.
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1}  Defendant-appellant Stanley Dejarnette appeals from his conviction for intimidation. For the reasons that follow, we affirm.

{¶ 2}  At trial, the alleged victim, Waleed Tayeh ("Waleed"), testified that on October 1, 2010, he was working at a deli owned by his aunt located on Harvard Avenue in Cleveland, Ohio.   During that time, Waleed was the victim/witness in a criminal case that was pending against defendant's son. According to Waleed, defendant entered the store on October 1, 2010, and threatened him saying if he testified against his son, defendant would kill him, burn the store down, and Waleed would never make it out alive.   In response, Waleed wrote down defendant's license plate number and called 9-1-1.

**{¶ 3}** Waleed testified that he was aware of defendant's son's pending trial date when defendant threatened him on October 1, 2010. The defense cross-examined Waleed with his statement to police where he indicated he was not aware of any pending trial dates for defendant's son. Waleed said he must have misunderstood the question because he was aware of the pending trial date.

**{¶ 4}** During trial, the state played a videotape that recorded the altercation between defendant and Waleed but was without any audio.

**{¶ 5}** Officer Newton testified that he responded to an incident at the deli on July 9, 2010 and recalled the names of the witnesses to that incident, which included Waleed.

**{¶ 6}** Detective Paul Burgio identified state's Exhibit 3, as defendant's son's criminal indictment that was issued on August 4, 2010 for offenses that allegedly occurred on July 9, 2010.

**{¶ 7}** Two witnesses testified for the defense in addition to defendant. Both witnesses were present at the deli on October 1, 2010. Both of the witnesses said they heard defendant and Waleed arguing with each other but neither of them heard the whole exchange. Defendant admitted that he was discussing his concerns over Waleed testifying at his son's trial; however, he denied threatening Waleed.

**{¶ 8}** The jury found defendant guilty and he has appealed.

**{¶ 9}** "Assignment of Error I: The indictment failed to provide Appellant adequate notice of the charges against him."

{¶ 10} Defendant alleges that the indictment was defective because he was not aware of the identity of the person he was being accused of intimidating, the predicate event, the case number of the legal proceeding constituting the predicate matter, and the witness's alleged duty.

{¶ 11} To the extent defendant is attempting on appeal to challenge the indictment for insufficiency of notice, he has waived all but plain error. Defendant never objected to the sufficiency of the indictment nor otherwise raised the issue of deficient notice before the trial court. He did not file a motion to dismiss on this basis nor did he move for a more specific bill of particulars. Whatever information the state provided in response to his discovery requests, defendant accepted without objection. We can only assume from this record that defendant was sufficiently apprised of the charges against him.  Further, the record supports this conclusion.

{¶ 12} On November 24, 2010, defendant was indicted with one count of intimidation alleged to have occurred on October 1, 2010, pursuant to R.C. 2921.03(A),[1] which provides:

---

[1]The preceding version of the statute provided "(A) No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of the person's duty."

**{¶ 13}** "(A) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder a public servant, a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the duties of the public servant, party official, attorney, or witness."

**{¶ 14}** The indictment tracked the statutory language of R.C. 2921.03(A) by averring:

**{¶ 15}** "On or about October 1, 2010 * * * defendant * * * unlawfully did knowingly and by force, by unlawful threat of harm to a person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, attempt to influence, intimidate or hinder a public servant, party official, or witness in the discharge of the person's duty."

**{¶ 16}** In response to discovery, the state identified its witnesses, including Waleed Tayeh, and specified that the incident occurred at the location of 14716 Harvard Ave., Cleveland, Ohio.

**{¶ 17}** R.C. 2941.05 provides:

**{¶ 18}** "In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. *It may be in the words of the section of the Revised Code*

*describing the offense or declaring the matter charged to be a public offense*, or in any words sufficient to give the accused notice of the offense of which he is charged." (Emphasis added); see, also, *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162.

{¶ 19} "The purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." Id. at   ¶7.

{¶ 20} Defendant relies on *State v. Muniz,* Cuyahoga App. No. 93528, 2010-Ohio-3720, in maintaining the indictment was deficient. In *Muniz*, this court held "where a defendant is charged with intimidation of a *'victim of a crime,'* an essential element of the charge is that the underlying crime occurred and thus created a victim. Muniz is entitled to notice of the predicate crime in the indictment. The charge of intimidation of a crime victim presupposes an earlier crime has been committed. The state has the burden of proof on all essential elements of the crime as charged; therefore, it must prove the underlying acts occurred for there to be a crime victim, regardless of whether a complaint has been filed or a charge brought for that underlying crime." (Emphasis added.)   Id. at ¶20.

{¶ 21} The statute at issue requires the state to prove that the defendant violated the provisions of R.C. 2921.03(A), which the indictment properly alleges.

**{¶ 22}** In this case, defendant was not charged with intimidation of a "victim of a crime" pursuant to R.C. 2921.04(B),[2] he was charged with intimidation of a witness pursuant to R.C. 2921.03(B). The court in *Muniz* emphasized that she had been charged with intimidating a "'victim of crime,' not intimidation of a witness." Id. at ¶11. This court went on to observe, "the state is not required to prove that a defendant has been charged with an underlying crime in order to prosecute on intimidation. *State v. Malone*, 121 Ohio St.3d 244, 2009-Ohio-310, 903 N.E.2d 614. The *Malone* court held that, unlike a prosecution for intimidation of a witness, '[a]s far as a victim is concerned, R.C. 2921.04(B) makes clear that it applies immediately upon the commission of the underlying crime. * * *'" Id. at ¶13.

**{¶ 23}** Unlike R.C. 2921.04(B), the provisions of R.C. 2921.03(A) do not require that there be a "predicate offense." Further, we have upheld a conviction under this statute where the indictment tracked its language but had improperly designated R.C. 2921.04. See *State v. Wilburn,* Cuyahoga App. No. 82573, 2003-Ohio-6495, ¶20, reversed on other grounds by *State v. Wilburn*, 104 Ohio St.3d 263, 2004-Ohio-6404, 819 N.E.2d 283. Therein, this court found that even "the incorrect numerical

---

[2] R.C. 2921.04(B) provides: "[n]o person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." The court reasoned that the indictment therefore was required to specify the predicate crime necessary to satisfy the statutory definition of "victim."

designation did not mislead [the defendant] as to the charges against him. The language of the indictment allege[d] that appellant 'did attempt to influence, intimidate or hinder' each of the officers, both of whom were public servants in the discharge of their duties." Id.

{¶ 24} Another notable distinction between this case and *Muniz* is that this court noted in *Muniz* that "the record [was] unclear as to the nature of the predicate offense." Id. at ¶21. In this case the record reflects that prior to issuance of the indictment, appellant was initially charged with intimidation of a victim/witness in municipal court. On November 4, 2010, the municipal court rendered a probable cause determination that provided, "On Friday, October 1, 2010, Stanley Dejarnette entered the Harvard Deli, 14716 Harvard Ave., Cleveland, Ohio. Mr. Dejarnette made threats to the store manager/owner (Waleed Tayeh) in connection to a current criminal trial involving Mr. Dejarnette's son, Deandre; where Mr. Tayeh is a victim incident [sic] captured on tape.") A few weeks after the municipal court bound the matter over, defendant was indicted for intimidation in this case in the common pleas court. The record is clear that defendant was being charged with intimidating Waleed Tayeh in connection with his involvement in defendant's son's criminal case. There is nothing to suggest that defendant's due process rights were violated in this case. The record amply establishes that defendant was fully apprised of the charges against him, that he received discovery, including witness lists as well as Waleed's statement to police well before trial. He was

also provided with the video of the incident. Defendant was prepared for trial and to defend the charge against him. He called two witnesses in his defense in addition to providing his own testimony.

{¶ 25} This assignment of error is overruled.

{¶ 26} "Assignment of Error II: The trial erred in denying Appellant's Motion for Aquital [sic] pursuant to Criminal Rule 29 where there was insufficient evidence."

{¶ 27} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶ 28} As set forth above, R.C. 2921.03(A) provides:

{¶ 29} "(A) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder a public servant, a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the duties of the public servant, party official, attorney, or witness."

{¶ 30} First, defendant contends the state failed to prove that Waleed had any duty to discharge. It is his position that the state must prove he was properly served with a subpoena prior to being threatened by defendant in order for the statute to apply. This is

not true. The victim of a crime becomes "a 'witness' at the time of the original victimization and within the ambit of protection offered by R.C. 2921.03(A)." *State v. Crider* (1984), 21 Ohio App.3d 268, 269, 487 N.E.2d 911. There is no requirement that the witness be under subpoena in order to be afforded the protections of R.C. 2921.03(A) and defendant offers us no authority to the contrary. There is sufficient evidence in the record to establish that Waleed was the victim and a witness to crimes alleged against defendant's son. Defendant admitted that he was discussing Waleed's future testimony against his son during the October 1, 2010 incident. He knew Waleed was to be a witness against his son and wanted him to testify truthfully. Defendant denied threatening Waleed, however, Waleed provided sufficient evidence to overcome defendant's motion for acquittal.

{¶ 31} Secondly, defendant argues that the state was required to establish that defendant used force as he perceives is required by the statute. The statute, however, required the state to prove that defendant acted "knowingly and by force **or** by unlawful threat of harm to any person * **." (Emphasis added.) R.C. 2921.03(A). The state is not required to prove that defendant acted by force and unlawful threat of harm; it could prove either in order to satisfy that portion of the offense. Accord, *State v. Wilson* (Mar. 8, 2001), Cuyahoga App. No. 77758 (concluding under prior version of the statute that "offense of intimidation is complete under the particular facts presented, where a 'person, * * * by unlawful threat of harm to any person or property, * * * shall attempt to

influence, intimidate, or hinder a public servant in the discharge of the person's duty.' R.C. 2921.03(A)").

**{¶ 32}** Waleed testified that defendant threatened to kill him and burn down the store if he testified against his son. If believed, this is sufficient evidence that defendant made an unlawful threat of harm to Waleed.

**{¶ 33}** This assignment of error is overruled.

**{¶ 34}** "Assignment of Error III: The trial court erred in allowing the State to invite the jury to convict on matters outside the record."

**{¶ 35}** "Assignment of Error IV: Appellant was denied a fair trial due to prosecutorial misconduct."

**{¶ 36}** We address these assignments of error together because we find them interrelated.

**{¶ 37}** The Ohio Supreme Court has held that generally a prosecutor is allowed a certain degree of latitude during closing argument. *State v. Liberatore* (1982), 69 Ohio St.2d 583, 589, 433 N.E.2d 561. In *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883, the Court pronounced that, "[t]he test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. * * *" The misconduct of a prosecutor during trial is not reversible error unless it deprives the appellant of a fair trial. *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 473 N.E.2d 768; *State v. DePew* (1988), 38 Ohio St.3d 275, 528 N.E.2d 542.

{¶ 38} During closing arguments, defense counsel advised the jurors "we didn't hear anything about a criminal record from [defendant]." The trial court sustained the state's objection to this comment. At a sidebar, the court indicated its belief that this comment was improper because it suggested to the jury that defendant did not have a criminal record; which apparently he did. Although the discussion is limited, we glean that the trial court had excluded evidence of defendant's criminal history based upon some provision of the law. The trial court then permitted the state to comment on this fact. In the state's rebuttal argument, the prosecutor said, "one of the things we ask of jurors, when they go back to deliberate, is that they deliberate based upon the facts of this case and they do this without sympathy, bias, and prejudice. And one way that they we [sic] do this is that there are certain things that are kept from a jury by law. And in this particular case, one of those things is any criminal record of the defendant. And the reason we do that, again, is so that you listen to the facts of this case and apply them without any kind of sympathy, bias, or prejudice against either the state or the defendant in this case."

{¶ 39} Defendant essentially argued facts that were not in evidence, that is defendant's criminal record, and did so in a manner that suggested to the jury that he did not have a criminal record. Defendant believes his statement was true in that he said the jury did not "hear" about defendant having any criminal record. The reason the jury did not hear about it was because it had been excluded from evidence. The court then allowed the state to provide a limited response that explained that fact.

{¶ 40} A party may open the door to otherwise inadmissible evidence by making comments referencing evidence outside of the record. *DiPasqua v. Knap* (June 13, 1996), Cuyahoga App. No. 69998. Both parties have latitude in responding to arguments of opposing counsel. *State v. Loza* (1994), 71 Ohio St.3d 61, 78, 641 N.E.2d 1082. Comments made by defense counsel in closing arguments can open the door to a response in the prosecutor's rebuttal argument. See *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565 ¶217. It is a well settled imperative that during closing arguments "the prosecution [must] avoid 'insinuations and assertions which are calculated to mislead the jury.'" *State v. Smith* at 14. There is no reason why this principle would not apply with equal force to comments made by the defense during closing arguments.

{¶ 41} The limited response by the state did not disclose what, if any, criminal record the defendant may have had but only explained that the law could exclude such evidence in order to ensure a fair trial. This generalized statement did not invite the jury to convict defendant on facts outside of the record.

{¶ 42} Defendant's claim of prosecutorial misconduct rests upon two comments made by the state when comparing defendant's testimony with the events depicted on the videotape. First the state recalled defendant's testimony that he drove his sister-in-law to the deli and was not going to go inside but did in fact enter the store after her. The prosecutor played the videotape, which showed defendant entering the store before his sister-in-law. The prosecutor then said, "[l]ied to you from the beginning the very onset

of what he wants you to believe. The video clearly shows he went in there ahead of time." The prosecutor also commented on this discrepancy later by saying, "[defendant] already tipped his hand by lying to you once by saying that he didn't go into the store first, that he had no intention of going into the store. I think that informs the rest of his testimony."

{¶ 43} Generally referring to or alluding to a defendant as a liar is improper, in that it conveys the prosecutor's personal belief. *State v. Clemons* (1998), 82 Ohio St.3d 438, 696 N.E.2d 1009. However, the prosecutor's characterization that a defendant is a liar or is lying is proper if based upon the evidence at trial. *State v. Tyler* (1990), 50 Ohio St.3d 24, 553 N.E.2d 576.

{¶ 44} Both instances cited by the defendant as prosecutorial misconduct relate to the prosecutor commenting on the difference between defendant's testimony as to when he entered the store and what was shown on the videotape. The state did not call defendant a "liar" but indicated that the tape reflected he lied in that instance. Accordingly, both comments were based on evidence presented at trial and did not constitute prosecutorial misconduct.

{¶ 45} Defendant also asserts that the state improperly vouched for the credibility of a witness. However, defendant does not cite to any part of the transcript where the prosecutor did so. At most, the prosecutor stated that Waleed ,"while nervous and maybe a little confused at times, is consistent in his testimony with the video." This is not improper vouching.

**{¶ 46}** These assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR