BEAM, JUSTICE,
FOR THE COURT:
¶ 1. Trevioun Briggs was convicted in the Circuit Court of Madison County of robbery and witness-tampering. The Court of Appeals affirmed both convictions in Briggs v. State, 225 So.3d 1253, 1254, 2016 WL 2981728, at *1 (Miss. Ct. App. May 24, 2016). Briggs petitioned this Court for cer-tiorari, which was granted to consider whether his indictment for the witness-tampering count was defective. Finding that the indictment fairly tracked the language of Mississippi Code Section 97-9-115, we affirm the judgment of the Court of Appeals.
FACTS
¶2. Briggs was convicted of robbing a woman in the Northpark Mall parking lot in Ridgeland, Mississippi, on the evening of December 14, 2013. The woman was holding her three-year-old son and loading shopping bags into her car when Briggs approached from behind and struck her in the back of the head, causing her to drop the child. Briggs snatched the shopping bags and ran away. The woman identified her attacker as a black male wearing a red sweatshirt. A few hours later, Briggs was arrested outside .the mall after attempting to return stolen items in exchange for . a cash refund. After his arrest, an orange sweatshirt and other stolen, items were found inside his vehicle. Just before Briggs’s arrest, he successfully had returned other stolen items to various mall retailers, and the retailers’ employees identified him at trial.
¶ 3. Briggs was arrested for false pretense and incarcerated at the Madison County Jail. Four days after his arrest, while in jail, Briggs placed several recorded phone calls to various acquaintances. In the recordings, Briggs requested that the person to whom he was speaking either provide an alibi for the time of the robbery, or ask a third person to do so on his behalf. On March 28,' 2014, Briggs was indicted for robbery and witness tampering. At trial, the State placed the recorded conversations in evidence. The jury found Briggs guilty of robbery and witness-tampering.
LAW AND ANALYSIS
¶ 4. Section 97-9-115 provides:
(1) A person commits the crime of tampering with a witness if he intentionally or knowingly attempts to induce a witness or a person he believes will be called as a witness in any official proceeding to:
(a) Testify falsely or unlawfully withhold testimony; or
(b) Absent himself from any . official proceeding to which he has been legally summoned.
Miss, Code Ann.' § '97-9-115 (Rev. 2014) (emphasis added).
¶ 5. Briggs’s indictment used the word “may” instead of the word.“will,” providing in pertinent part:
[Briggs] did willfully, feloniously, intentionally[,] and knowingly attempt to induce a witness or a person he believed may be called as a witness against him, to-wit: [Briggs], while incarcerated, *61 made contact via telephone with a person whom he then requested she attempt to-coerce another person into deceitfully providing [Briggs] with ... an alibi, in violation of Miss. Code Ann. § 97-9-115 ....
(Emphasis added.)
¶ 6. Briggs’s jury was instructed as follows:
If you find from the evidence in this case beyond a reasonable doubt that:
[[Image here]]
[Briggs] did willfully, feloniously, inten-tionallyt,] and knowingly attempt to induce a witness or a person he believed would or could be called as a witness at the trial of this cause to testify falsely at this trial, an official proceeding, by providing at said trial an alibi for the Defendant by testifying that the Defendant was at a place other than the location of the crime charged ... at the time the crime was committed, said testimony being false and known by the Defendant to be false, as well as being material to the subject matter of the official proceeding, namely this trial; then you shall find [Briggs] guilty of Tampering with A Witness ....
(Emphasis added.)
¶ 7. Briggs claimed on appeal that both the indictment and the jury instruction failed to track the statute’s language. Briggs submitted that while “it may seem somewhat trivial, the difference between the words ‘will,’ ‘may1 and ‘would or could’ are significant” because all contain “different knowledge requirements.” Without explanation as to how or why, Briggs asserted that by use of the word “may” in the indictment, the State broadened the activity for which Briggs could be found guilty under Section 97-9-115. Briggs then contended that by use of the words “would or could” in the jury instruction, the State lessened its burdened from that in the indictment’s language.
¶ 8. The Court of Appeals found no merit in Briggs’s claims. In reaching its conclusion, the Court of Appeals found that “Briggs contacted a woman and asked her to fabricate an alibi for him during the times in which he was not seen on the mall video.” Briggs, 225 So.3d at 1256, 2016 WL 2981728, at *3. On these facts, the court reasoned that “it makes no difference whether the indictment read ‘will’ or ‘may’ or the jury instruction read ‘will’ or ‘would’ since the factual basis surrounding the charge, and described in the indictment, dictated that Briggs thought, and in fact hoped, that the woman he contacted would be called as a witness to provide Briggs with the alibi he sought.” Id.
¶ 9. We agree.
¶ 10. Again, Briggs asserts that use of the word “may” in the indictment broadens the activity for which Briggs could be found guilty under Section 97-9-115. But Briggs does not speak to what activity the statute circumscribes, or how use of the word “will” limits it, or how the word “may” expands it. He merely suggests, given his assertions, that Section 97-9-115 is limited to those persons designated as a witness by some sort of process.
¶ 11. That may be a proper interpretation for subsection (b) of the statute based on the language: “Absent himself from any official proceeding to which he has been legally summoned.” Miss. Code Ann. § 97—9—115(1)(b) (emphasis added). But subsection (b), which simply sets forth another way a person may commit the crime of witness-tampering, is not applicable in this case. Based on the essential facts alleged in the indictment constituting the offense charged, subsection (a) and the language contained in paragraph (1) that precedes it is what applies here.
*62 ¶ 12. First, this language uses both the terms “witness” and “person” to describe who an offender may not induce or attempt to induce to testify falsely in any official proceeding. This signifies that the statute is not limited to those designated as witnesses by process, as Briggs suggests, but applies also to those so regarded by fact or circumstance. See, e.g., State v. Crider, 21 Ohio App. 3d 268, 487 N.E.2d 911, 912 (1984) (holding same for purposes of Ohio’s witness-tampering statute, based on the dictionary definition of the term “witness,” which refers to “one that is cognizant of something by direct experience” or “one who beholds or otherwise has personal knowledge of something”).
¶ 13. Second, the word “attempt” is contained in the statute. This means the offender need not succeed or actually induce the witness or person to testify falsely for purposes of subsection (a); he or she need only attempt to induce the witness or person to do so. Thus, whether that person is ever called to testify in any official proceeding is irrelevant for purposes of subsection (a).
¶ 14. Third, the phrase “any official proceeding” used in paragraph (1) is broadly inclusive, unlike its usage in subsection (b), which by the phrase “to which he has been legally summoned,” limits its application to circumstances in which an official proceeding is pending. For purposes of subsection (a), however, there is no express limitation. Thus, we read “any official proceeding” used in paragraph (1) to mean potential future proceedings. ,
¶ 15. The Oregon Supreme Court reached the same conclusion when construing that state’s witnessing-tampering statute, which is very similar to ours but uses the word “may” instead of the word “will.” See Oregon v. Bailey, 346 Or. 551,213 P.3d 1240 (2009) (interpreting ORS 162.285(D).[1] The Bailey court concluded that its statute does not require that an official proceeding be pending at the time “tampering” conduct occurs. This is because, for purposes of subsection (a), contained in ORS 162.285, there is no express time limitation in reference to “any official proceeding.” Id. at 1243. This, according to Bailey, must mean that any “potential future proceedings [are included] within its sweep.” Id. The Bailey court further concluded that, not only need an official proceeding not be pending for purposes of ORS 162.285(l)(a); an investigation that might be conducted in the case need not yet be underway either. Id. at 1246-47.
¶ 16. We also point out that Alabama has a similar obstruction-of-justice chapter in its criminal code with provisions almost identical to ours. Its witness-tampering statute reads:
(a) A person commits the crime of tampering with a witness if he attempts to induce a witness or a person he believes will be called as a witness in any official proceeding to:
(1) Testify falsely or unlawfully withhold testimony; or
(2) Absent himself from any official proceeding to which he has legally been summoned.
Ala. Code Ann. § 13A-10-124.
¶ 17. In Ivey v. State, 821 So.2d 937, 950 (Ala. 2001), overruled on other grounds, *63 the Alabama Supreme Court concluded that “Section 13A-10-124 does not require that the false testimony or the -withholding of testimony be carried out in order for the charge of witness tampering to be complete.”
¶ 18. In Barnette v. Alabama, 855 So.2d 1129 (Ala. Crim. App. 2003), the Court of Criminal Appeals of Alabama addressed its witness-bribery statute, which, similar to Mississippi’s witness-bribery statute, reads in pertinent part: “A person commits the crime of bribing a witness if he offers, confers or agrees to confer anything of value upon a witness or a person he believes mil be called as a witness in any official proceeding to ... [cjorruptly influence the testimony of that person .... ” See Ala. Code Ann. § 13A-10-121.[2]
¶ 19. In Barnette, a few days following an incident involving a sexual assault of a fourteen-year-old, which had been reported to the police, an acquaintance of the alleged perpetrator called the victim’s stepfather and offered him money to persuade the victim to “tell the police that the [incident] didn’t happen.” Barnette, 855 So.2d at 1130. The acquaintance later was charged and convicted of bribing a witness. On appeal, the defendant claimed there was insufficient evidence to support his conviction because the State did not prove the victim or the stepfather was a witness in an official proceeding, or that an official proceeding had commenced at the time the bribery took place. Id. at 1134.
¶20. In affirming the conviction, the Alabama Court of Appeals found the fact that an official proceeding had not yet begun to be of no moment. Id.
Based on the evidence ... presented, the jury could have reasonably concluded that, even though there was not any official proceeding pending at the time of the appellant’s actions, the appellant believed an official proceeding would be initiated and believed [the victim and/or her step-father] would be called as a witness in that proceeding.
Id. at 1134-35.
¶ 21. The dissent agrees that an official proceeding need not be commenced or pending when the inducement of false testimony is attempted, but contends, however, that the State nonetheless expanded upon the statutory definition of the crime by substituting the word “will” for the word “may.” And by this substitution, according to the dissent, the State made the charge easier to prove. But other than pointing out that the two words can have different meanings, the dissent-like Briggs-fails to explain how use of the word “may” instead of “will” expands upon the conduct Section 97-9-115(l)(a) prohibits, or how its use prejudiced Briggs in any defense he may have had against the charge.
¶ 22. Again, there is no requirement that an offender succeed in his or her attempt to induce another to testify falsely in any potential official proceeding. Nor is there an “inevitability” requirement as the dissent contends the statute contains. Were there such, the offense would not be consummated until the putative witness appeared at the official proceeding and gave false testimony. But that is not the intent of the statute. Its clear purpose is to protect not only those designated as witnesses by process, but those who may become *64 witnesses due to circumstances such as those alleged in Briggs’s indictment.
¶28. In any such case, there always exists the possibility (or contingency) that the person the offender attempted to induce to give false testimony might not be called as a witness to testify in an official proceeding. That is factually what occurred here.
¶ 24. For all intents and purposes, use of the word “may” in this instance was merely grammatical. Its use was inconsequential, and it did not alter the substantive meaning of the statute or disadvantage Briggs in any defense(s) he may have had in the case. We also find the sanie with regard to the complained-of jury instruction.
CONCLUSION
¶25. Briggs’s convictions for witness-tampering and for robbery are affirmed.
¶ 26. AFFIRMED.
WALLER, C.J., AND RANDOLPH, P.J., CONCUR. MAXWELL AND CHAMBERLIN, JJ., CONCUR IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. KITCHENS, J„ CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION ' JOINED BY DICKINSON, P.J., KING AND COLEMAN, JJ.

. Oregon’s witness-tampering statute states:
A person commits the crime of tampering with a witness if:
(a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or
(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned.
ORS 162.285(1).

. Compare with Miss. Code Section 97-9-109 (Rev. 2014), which states:
A person commits the crime of bribing a witness if he intentionally or knowingly offers, confers or agrees to confer any benefit upon a witness or a person he believes will be catted as a witness in any official proceeding with intent to ... [¡Influence the testimony of that person ....