PD-0597-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/29/2015 5:29:57 AM
Accepted 10/29/2015 7:53:11 AM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

FILED IN
COURT OF CRIMINAL APPEALS

October 29, 2015

ABEL ACOSTA, CLERK

## PD-0597-15

## *Bernard Winfield Shortt, Appellant,*
## *v.*
## *State of Texas, Appellee.*

**On Discretionary Review from No. 05-13-01639-CR**
**Fifth Court of Appeals**

**On Appeal from No. F07-00193**
**194th Judicial District Court, Dallas County**

## Appellant's Brief

**Michael Mowla**
**P.O. Box 868**
**Cedar Hill, TX 75106**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**
**Attorney for Appellant**

## *Oral Argument Granted*

1

## I. Identity of Parties, Counsel, and Judges

Bernard Winfield Shortt, Appellant

Michael Mowla, attorney for Appellant on appeal and on discretionary review

Basil Hoyl, Attorney for Appellant at trial

Catherine Gould, Attorney for Appellant at trial

Susan Hawk, Dallas County District Attorney, Attorney for Appellee State

Lori Ordiway, Dallas County Assistant District Attorney

Lisa Smith, Dallas County Assistant District Attorney

Marisa Elmore, Dallas County Assistant District Attorney

Summer Elmazi, Dallas County Assistant District Attorney

Mindy Sauter, Dallas County Assistant District Attorney

Jennifer Sawyer, Dallas County Assistant District Attorney

Amy Croft, Dallas County Assistant District Attorney

Hon. Ernest White, Presiding Judge of the 194th Judicial District Court

## II. Table of Contents

I.     Identity of Parties, Counsel, and Judges........................................................2

II.    Table of Contents........................................................................3

III.   Table of Authorities....................................................................5

IV.   Appendix Index .........................................................................9

V.    Statement of the Case and Procedural History................................10

VI.   Statement Regarding Oral Argument ..........................................13

VII.  Issues Presented........................................................................14

VIII. Facts .......................................................................................15

    **1.** Events leading up to the entry of the *Order of Deferred Adjudication* entered on December 7, 2007. ....................................15

    **2.** The State files motions to proceed with an adjudication of guilt.................16

    **3.** The trial court adjudicates Appellant's guilt, sentences Appellant to 10 years in prison, but does not impose restitution in the *Judgment Adjudicating Guilt*................................................17

    **4.** On October 28, 2013, the trial court grants Appellant's Motion for Shock Probation and places Appellant on community supervision for five years. ...............................................18

IX.   Summary of the Arguments....................................................20

X.    Argument ................................................................................21

    **1.** Issue One: The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from criminal actions, and under this Court's holding in Bautsch v. Galveston, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation. As a result, this Court should hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order. ...................................21

        **i.** Although Texas Code of Criminal Procedure Article 42.12 § 6 (shock probation statute) does not specifically provide the right to appeal a condition of shock probation

or part of the shock probation order, a shock probation proceeding is a criminal action, and Article 44.02 and *Bautsch v. Galveston* confer the right to an appeal from a *criminal action.* ................................................................21

ii. The issue appealed was the unconstitutional imposition of restitution in the shock probation order, and not the granting of shock probation. The imposition of restitution unconstitutionally enlarged Appellant's punishment and sentence in violation of the double jeopardy clause. This result should not be allowed by this Court because absent restraints imposed by this Court and the right to appeal such trial court error, a trial court may impose any punishment as part of shock probation, however onerous. .................30

iii. The cases cited by the Court of Appeals do not support its conclusion that it lacks jurisdiction. ...............................38

iv. Conclusion.................................................................40

2. Issue Two: In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief...................................................41

i. Argument...................................................................41

ii. Conclusion.................................................................47

XI. Conclusion and Prayer.............................................................48

XII. Certificate of Service ............................................................49

XIII. Certificate of Compliance with Tex. Rule App. Proc. 9.4 ...........49

## III. Table of Authorities

### Cases

*Abron v. State*, 997 S.W.2d 281 (Tex. App. Dallas 1998)......................................35

*Alabama v. Smith*, 490 U.S. 794 (1989) .................................................................33

*Alexander v. State*, 301 S.W.3d 361 (Tex. App. Fort Worth 2009, *no pet.*) ...........................................................................................................35

*Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004) .........................................36

*Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977) .......................................44

*Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889)......................... 12, 20, 26

*Botello v. State*, 693 S.W.2d 528 (Tex. App. Corpus Christi 1985, *pet. ref.*)...........................................................................................................32

*Bryant v. State*, 187 S.W.3d 397 (Tex. Crim. App. 2005)......................................46

*Cartwright v. State*, 605 S.W.2d 287 (Tex. Crim. App. 1980).................................32

*Collins v. State*, 754 S.W.2d 818 (Tex. App. Houston [1st Dist.] 1988, *pet. ref.*)...........................................................................................................31

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) .................42

*Duran v. State*, 844 S.W.2d 745 (Tex. Crim. App. 1992) (Baird, J. concurring)............................................................................................................27

*Durgan v. State*, 240 S.W.3d 875 (Tex. Crim. App. 2007) ....................................23

*Eckels v. Gist*, 743 S.W.2d 330 (Tex. App. Houston [1st Dist.] 1987, *no writ*).............................................................................................................43

*Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006) ................................33

*Ex parte Green*, WR-82,072-01, 2015 Tex. Crim. App. Unpub. LEXIS 246 (Tex. Crim. App. April 1, 2015) (per curiam) ...........................46

*Ex parte Pena*, 739 S.W.2d 50 (Tex. Crim. App. 1987) ........................................37

*Garcia v. Dial,* 596 S.W.2d 524 (Tex. Crim. App. 1980) .......................................42

*Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458 (Tex. 1969) ...............................................................................45

*Gray v. State*, 69 S.W.3d 835 (Tex. App. Waco 2002, *no pet.*) .............................38

*Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979) ..................................41

*Idowu v. State*, 73 S.W.3d 918 (Tex. Crim. App. 2002)..........................................31

*In re Cornyn*, 27 S.W.3d 327 (Tex. App. Houston [1st Dist.] 2000, orig. proceeding)..................................................................43

*In re Dervaes*, 81 B.R. 127 (Bankr. S.D. Fla. 1987) ...............................29

*In re Dilley I.S.D.*, 23 S.W.3d 189 (Tex. App. San Antonio 1999, orig. proceeding) ........................................................................43

*In re Kuntz*, 124 S.W.3d 179 (Tex. 2003)...............................................41

*In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602 (Tex. 2000)................43

*In re Wise*, 20 S.W.3d 894 (Tex. App. Waco 2000, *no pet*.)...................42

*Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003).........................33

*Martin v. State*, 874 S.W.2d 674 (Tex. Crim. App. 1994) .......................33

*Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001) ..............................23

*North Carolina v. Pearce*, 395 U.S. 711 (1969).....................................33

*Olowosuko v. State*, 826 S.W.2d 940 (Tex. Crim. App. 1992).................. 21, 22, 23

*People v Fisher*, 167 Misc.2d 850, 635 NYS.2d 1002 (Crim Ct., Richmond County 1995) ................................................................28

*Perez v. State*, 938 S.W.2d 761 (Tex. App. Austin 1997, *pet. ref*.)................. 38, 39

*Pippin v. State*, 271 S.W.3d 861 (Tex. App. Amarillo 2008, *no pet*.).............. 38, 39

*Pizana v. State*, 398 S.W.3d 728 (Tex. App. San Antonio 2009) ............23

*Reasor v. State*, 281 S.W.3d 129 (Tex. App. San Antonio 2008, *pet. ref*.)..........................................................................................38

*Roberts v. State*, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App. San Antonio Nov. 10, 2010, *pet. ref*.) (mem. op., not designated for publication)...........................39

*Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion) ........................ 9, 10, 11

*Simon v. Levario*, 306 S.W.3d 318 (Tex. Crim. App. 2009) ..................43

*Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999).............................31

*State ex rel. Bryan v. McDonald,* 662 S.W.2d 5 (Tex. Crim. App. 1983) .............................................................................................42

*State ex rel. Curry v. Gray*, 726 S.W.2d 125 (Tex. Crim. App. 1987) (opinion on rehearing) ..............................................................42

*State ex rel. Wade v. Stephens*, 724 S.W.2d 141 (Tex. App. Dallas 1987, orig. proceeding) ................................................................43

*State v. American-News Co.*, 253 N.W. 492 (S.D. 1934) ......................................28

*State v. Curran*, 628 P.2d 1198 (Ore. 1981) .......................................................28

*State v. Wimley*, 2011-Ohio-5639, 2011 Ohio App. LEXIS 4607, 2011 WL 5188091 (Ct. App. Ohio, 9th Dist. 2011) .....................................28

*Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) ..........................................42

*Tempo Tamers, Inc. v. Crow-Houston Four LTD.*, 715 S.W.2d 658 (Tex. App. Dallas 1986) .......................................................................45

*Thomas v. St. Joseph Hospital*, 618 S.W.2d 791 (Tex. Civ. App. Houston [1st Dist.] 1981, *writ ref. n.r.e.*) .........................................45

*Thomas v. State*, No. 05-12-00392-CR, 2013 Tex. App. LEXIS 2095, 2013 WL 1277885 (Tex. App. Dallas, March 1, 2013) (unpublished) ...........................................................................27

*Thursby v. State*, 05-94-01772-CR, 1997 WL 472310, 1997 Tex. App. LEXIS 4378 (Tex. App. Dallas Aug. 20, 1997, *pet. ref.*) (mem. op., not designated for publication) .......................................39

*Weir v. State*, 252 S.W.3d 85 (Tex. App. Austin 2008), *affirmed in part and reversed in part*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) ...............................................................................34

*Williams v. State*, 592 S.W.2d 931 (Tex. Crim. App. 1979) ................................24

**Statutes**

Tex. Code Crim. Proc. Art. 4.04 (2015) ...............................................................43

Tex. Code Crim. Proc. Art. 42.037 (2004) ...........................................................37

Tex. Code Crim. Proc. Art. 42.12 (2013) ........................................................ passim

Tex. Code Crim. Proc. Art. 43.037 (2015) ...........................................................38

Tex. Code Crim. Proc. Art. 44.02 (2015) ...........................................................26

Tex. Pen. Code § 3.03 (2015) ..............................................................................28

Tex. Pen. Code § 30.02 (2006) ............................................................................15

**Other Authorities**

Acts 2007, 80th Leg., ch. 1308 (S.B. 909) effective June 15, 2007 .......................24

Texas Archival Resources Online,
     http://www.lib.utexas.edu/taro/tslac/50019/tsl-50019.html, last
     accessed on October 29, 2015 ...........................................................................27

**Rules**

Tex. Rule App. Proc. 21.1 (2015)...........................................................................28

Tex. Rule App. Proc. 25.2 (2014)........................................................... 12, 26, 30

Tex. Rule App. Proc. 26.2 (2014)...........................................................................11

Tex. Rule App. Proc. 66.3 (2015)...........................................................................49

Tex. Rule App. Proc. 68.11 (2015).........................................................................50

Tex. Rule App. Proc. 68.4 (2015)...........................................................................13

Tex. Rule App. Proc. 9.4 (2015).............................................................................50

Tex. Rule App. Proc. 9.5 (2015).............................................................................50

**Constitutional Provisions**

Tex. Const. Art. 5, § 5............................................................................... 43, 46

U.S. Const. Amend. V.............................................................................................33

## IV. Appendix Index

*Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion)

**To The Honorable Judges of the Court of Criminal Appeals:**

Appellant Bernard Winfield Shortt respectfully submits this Brief in support of the petition for discretionary review:

## V. Statement of the Case and Procedural History

Appellant asks this Court review the *Memorandum Opinion* and judgment of the Fifth Court of Appeals in *Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion), in which the Court of Appeals dismissed Appellant's appeal for want of jurisdiction on the basis that the Court does not have jurisdiction to consider the appeal because Appellant "appeals from an order granting shock probation" *Id*. at *6. The issue appealed was restitution imposed on Appellant in the judgment of shock probation that Appellant argued was unconstitutional. Appellant did not appeal the granting of shock probation itself. In this Brief, Appellant will ask this Court hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order. In the alternative, Appellant will ask this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

On October 28, 2013, Appellant was placed on community supervision under Texas Code of Criminal Procedure Article 42.12 § 6, Continuing Court

Jurisdiction in Felony Cases ("shock probation"). (CR, 60-63)[1]; *see* Tex. Code Crim. Proc. Art. 42.12 § 6 (2013). Appellant preserved for appellate review the issue of restitution that was imposed in the order of shock probation. (RR5).

On November 20, 2013, Appellant filed a timely notice of appeal. (CR, 65-66). *See* Tex. Rule App. Proc. 26.2(a) (2013). The trial court signed a Certification of Appellant's Right of Appeal, certifying that this is a criminal case, and the order to be appealed is entitled *Order Placing Defendant on Probation* signed by the trial court on October 28, 2013, in which the trial court placed the defendant on community supervision under the shock probation statute, Article 42.12, § 6. (CR, 79). The trial court further certified that the order entitled *Order Placing Defendant on Probation*, dated October 28, 2013, is an appealable order, and that Appellant has the right of appeal under the Texas Rules of Appellate Procedure. (CR, 79); *see* Tex. Rule App. Proc. 25.2(a)(2) (2013).

On May 12, 2015, the Court of Appeals issued a *Memorandum Opinion* and judgment, in which the Court dismissed Appellant's appeal for want of jurisdiction on the basis that the Court does not have jurisdiction to consider the appeal because Appellant "appeals from an order granting shock probation" *Shortt, id*. at *6.

---

[1] The Record on Appeal consists of the Clerk's Record, which is one volume and a supplemental volume, and the Reporter's Record, which is five volumes. The Clerk's Record is cited as "CR" or "CR-Supp" followed by the page number, and the Reporter's Record is cited as "RR" followed by the volume number and page number.

On June 30, 2015, Appellant filed a petition for discretionary review. Appellant argued that the Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from a criminal action, and under this Court's holding in *Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a criminal action; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation.

On September 16, 2015, this Court granted the petition for discretionary review. Appellant now submits this Brief in support of the petition.

## VI. Statement Regarding Oral Argument

Oral argument has been allowed, and Appellant requests oral argument. *See* Tex. Rule App. Proc. 68.4(c) (2015). The issue presented in this Brief may be one of first impression. As a result, Appellant believes that this Court's decisional process will be significantly aided by oral argument.

## VII.  Issues Presented

**Issue One:** The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from criminal actions, and under this Court's holding in Bautsch v. Galveston, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation.  As a result, this Court should hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order.

**Issue Two:** In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

**VIII. Facts**

   1. **Events leading up to the entry of the *Order of Deferred Adjudication* entered on December 7, 2007.**

On February 14, 2007, Appellant was indicted for Burglary of a Habitation. (CR, 11). The grand jury alleged in the indictment that on or about November 3, 2006, in Dallas County, Appellant intentionally and knowingly entered the habitation of John Wheelock, without the consent of Wheelock, with the intent to commit a theft in the habitation. (CR, 11); *See* Tex. Pen. Code § 30.02(a)(1) (2006).

On December 12, 2007, Appellant signed a judicial confession in which he admitted the offense charged in the indictment. (CR, 17). On the same day, Appellant entered into and signed a plea agreement in which he agreed to seven years of deferred adjudication community supervision. (RR2, 7; CR, 21-22). Appellant agreed to waive the right to appeal the original sentence entered on October 12, 2007. (CR, 23).

On December 7, 2007, a hearing was held on the issue of restitution. Wheelock testified that during the break-in of his residence, a safe was broken into. (RR3, 9). He claimed that the safe contained $18,000 in cash, all of which was stolen. (RR3, 9). Wheelock recovered $6,200 of the cash. (RR3, 11). Wheelock estimated that he lost another $285.00 in valuables, so he asked that restitution be set at $12,285. (RR3, 12). However, Wheelock originally told the Rowlett Police

15

Department that $13,000 was taken from the safe. (RR3, 18). Wheelock also told a probation officer that an altogether different amount was taken, which caused the officer to believe that Wheelock was fabricating the amount taken from the safe. (RR3, 20).

Although Appellant entered Wheelock's home, he took an X-Box and video games, and not cash. (RR3, 26). Appellant was not present in the room where the safe sat; nor was Appellant present when the codefendant may have removed valuables from the safe. (RR3, 29). Appellant returned everything to Wheelock that Appellant knew was taken from the residence. (RR3, 27).

On December 7, 2007, the trial court entered an *Order of Deferred Adjudication*. (CR, 25). The trial court sentenced Appellant to seven years of deferred adjudication community supervision, ordered restitution in the amount of $9,085.00, and did not order a fine. (CR, 25-26). As a condition of community supervision, Appellant was ordered to pay the restitution in payments of $130.00 per month. (RR3, 34; CR, 27).

## 2. The State files motions to proceed with an adjudication of guilt

On October 27, 2008, the State filed a motion to proceed with an adjudication of guilt. (CR, 35-36). It does not appear that any further action was taken on this motion.

On July 31, 2009, the State filed another motion to proceed with an adjudication of guilt. (CR, 37-38). The State alleged that Appellant failed to make a number of payments of $130.00 per month in restitution and is delinquent $2,185.00. (CR, 38). On August 25, 2009, the trial court entered an order in which it continued community supervision, but ordered electronic monitoring as a condition of community supervision. (CR, 39). On the same day, the State withdrew its motion to proceed with an adjudication of guilt filed on July 31, 2009. (CR, 40).

On June 1, 2012, the State filed another motion to proceed with an adjudication of guilt. (CR, 42). The State alleged in part that Appellant failed to pay restitution as previously ordered, and that Appellant was delinquent $4,798.00. (CR, 43).

On May 31, 2013, Appellant pleaded "true" to the allegations in the motion to proceed with an adjudication of guilt, and went "open" to the trial court for punishment (i.e., Appellant and the State agreed that the trial court would determine punishment). (RR4, 5-6; CR, 49-50).

**3. The trial court adjudicates Appellant's guilt, sentences Appellant to 10 years in prison, but does not impose restitution in the *Judgment Adjudicating Guilt*.**

On May 31, 2013, a hearing was held on the State's motion to proceed with an adjudication of guilt. (RR4). While on community supervision, Appellant was

unable to pay the restitution because he had become homeless and destitute. (RR4, 8-9). Appellant then stopped reporting because his probation officer told him that he would be arrested if he reported to her again and did not have money to pay towards the restitution. (RR4, 9). The state presented no evidence showing that Appellant's failure to pay the restitution was willful. (RR4).

The trial court adjudicated Appellant's guilt, found him guilty of Burglary of a Habitation, and entered a *Judgment Adjudicating Guilt*. (RR4, 25; CR, 51-52). The trial court sentenced Appellant to 10 years in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"). (RR4, 26; CR, 51-52). No fine or restitution was imposed on Appellant either in open court or in the *Judgment Adjudicating Guilt*. (RR4, 26-27; CR, 51).

## 4. On October 28, 2013, the trial court grants Appellant's Motion for Shock Probation and places Appellant on community supervision for five years.

On October 1, 2013, Appellant filed a Motion for Shock Probation. (CR, 56-58). During the hearing on Appellant's motion, evidence regarding Appellant's inability to pay the restitution and destitution was presented, including the fact that Appellant had been living in a vehicle. (RR5, 8).

On October 28, 2013, the trial court granted Appellant's Motion for Shock Probation, and entered the *Order Placing Defendant on Probation*. (RR5, 10; CR,

60). The trial court sentenced Appellant to five years of community supervision. (CR, 60-61).

As a condition of community supervision, the trial court ordered Appellant to pay restitution of $9,085, of which $6,178 was still due, to be paid at the rate of $110.00 per month. (RR5, 10; CR, 63). Appellant raised a timely objection to restitution being imposed in the *Order Placing Defendant on Probation* or as a condition of community supervision. (RR5, 8-10).

## IX. Summary of the Arguments

In Issue One, Appellant will argue that the Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from criminal actions, and under this Court's holding in Bautsch v. Galveston, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation. As a result, Appellant will argue that this Court should hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order.

In Issue Two, as an alternative to Issue One, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

Appellant will thus ask this Court to modify the *Order Placing Defendant on Probation* dated October 28, 2013 (shock probation order), and delete the restitution order.

20

## X. Argument

1. **Issue One: The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from criminal actions, and under this Court's holding in Bautsch v. Galveston, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation. As a result, this Court should hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order.**

   i. **Although Texas Code of Criminal Procedure Article 42.12 § 6 (shock probation statute) does not specifically provide the right to appeal a condition of shock probation or part of the shock probation order, a shock probation proceeding is a criminal action, and Article 44.02 and *Bautsch v. Galveston* confer the right to an appeal from a *criminal action*.**

Texas Code of Criminal Procedure Article 42.12 § 6 does not specifically provide that a defendant may appeal from a judgment granting or denying shock probation. Nor does it specifically provide that a defendant may appeal a condition of shock probation or part of the shock probation order. However, Article 42.12 § 6 does not *prohibit* an appeal in either situation.

In 1992, this Court held that neither the federal nor Texas Constitutions provide that a defendant has a right to appeal a criminal judgment, and the right of appeal is created by statute and extends to any criminal defendant who has been the subject of an appealable order. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992). However, the facts in *Olowosuko* are not similar to the facts in

21

Appellant's case. Further, this Court should overrule the sweeping holding in *Olowosuko* because *Olowosuko* was based on a subsection of the statute that has since been substantially amended by the legislature.

In *Olowosuko*, the issue before this Court specifically addressed the right to appeal an order placing a defendant on deferred adjudication community supervision. *Id*. at 941. The defendant pleaded guilty to possession of cocaine with intent to deliver, and the trial court placed the defendant on deferred adjudication community supervision for a period of ten years. *Id*. The State subsequently moved to adjudicate the defendant's guilt, alleging that he violated several conditions of community supervision. *Id*. The trial court found the allegations to be true, set aside the prior order deferring adjudication, proceeded to adjudge the defendant guilty of committing the originally charged offense, and sentenced the defendant to prison for life. *Id*.

After the court of appeals affirmed the conviction and sentence, the issue before this Court was whether "[T]he court of appeals erred in...holding that petitioner could not challenge the trial court's determination to proceed with an adjudication of guilt." *Id*. This Court held that the court of appeals did not err, finding that "...the Legislature meant what it said in Article 42.12, § 5(b): No appeal may be taken from this determination [to proceed with an adjudication of guilt].." *Id*. at 942.

However, this holding was based on a now-amended portion of Article 42.12, which previously held:

> On violation of a condition of probation imposed under...this Section, the defendant may be arrested and detained...The defendant is entitled to a hearing...limited to the determination by the court of...whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination...

*See* Tex. Code Crim. Proc. Art. 42.12 § 5(b) (1992). This language was legislatively amended as of June 15, 2007. *See* Acts 2007, 80th Leg., ch. 1308 (S.B. 909), §§ 5 & 9, effective June 15, 2007. There no longer is a prohibition against an appeal from a deferred adjudication order. Thus, any judgment arising from a hearing on an adjudication of guilt held on or after June 15, 2007 may be appealed. *See Durgan v. State*, 240 S.W.3d 875, 877-878 (Tex. Crim. App. 2007); *see also Pizana v. State*, 398 S.W.3d 728, 730 (Tex. App. San Antonio 2009). Further, even if defendant may generally not attack the original plea to be attacked in an appeal challenging the trial court's determination to adjudicate guilt, under *Nix v. State*, 65 S.W.3d 664, 667-668 (Tex. Crim. App. 2001), a void judgment permits the original plea of deferred adjudication to be attacked if the judgment is void because the record reflects that there is no evidence to support the conviction.

As a result, this Court should overrule the sweeping holding in *Olowosuko* because *Olowosuko* was based on a subsection of the statute that has since been substantially amended by the legislature, and in fact the subsection no longer

23

exists.  See *Olowosuko*, *id*. at 942, *citing Williams v. State*, 592 S.W.2d 931 (Tex. Crim. App. 1979) (Holding based on the prior subsection, so the holding was that the decision to proceed with an adjudication of guilt is one of "absolute nonreviewable discretion.").

Moving on to Article 42.12 § 6, the entire text of the section is as follows:

Sec. 6. Continuing Court Jurisdiction in Felony Cases.

(a) For the purposes of this section, the jurisdiction of a court imposing a sentence requiring imprisonment in the Texas Department of Criminal Justice for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further imprisonment and:

    (1) the defendant is otherwise eligible for community supervision under this article; and

    (2) the defendant had never before been incarcerated in a penitentiary serving a sentence for a felony.

(b) When the defendant or the attorney representing the state files a written motion requesting suspension by the judge of further execution of the sentence and placement of the defendant on community supervision, and when requested to do so by the judge, the clerk of the court shall request a copy of the defendant's record while imprisoned from the Texas Department of Criminal Justice or, if the defendant is confined in county jail, from the sheriff. Upon receipt of such request, the Texas Department of Criminal Justice or the sheriff shall forward to the judge, as soon as possible, a full and complete

24

copy of the defendant's record while imprisoned or confined. When the defendant files a written motion requesting suspension of further execution of the sentence and placement on community supervision, he shall immediately deliver or cause to be delivered a true and correct copy of the motion to the office of the attorney representing the state.

(c) The judge may deny the motion without a hearing but may not grant the motion without holding a hearing and providing the attorney representing the state and the defendant the opportunity to present evidence on the motion.

As Article 42.12 § 6 clearly shows, there is no prohibition against an appeal from a judgment of shock probation.

And, the right to an appeal need not be provided in the **same statute** that provides for certain relief or explains a particular procedure. There is no rule that Appellant knows of that mandates such a narrow rule. A defendant's right of appeal comes from Texas Code of Criminal Procedure Article 44.02, which provides, "[A] defendant in **any criminal action** has the right of appeal under the rules hereinafter prescribed...." Tex. Code Crim. Proc. Art. 44.02 (2015). This conclusion is supported by Texas Rule of Appellate Procedure 25.2, which provides that "a defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. Rule App. Proc. 25.2(a)(2) (2014).

The next question is what is a "criminal action"?  In 1889, the Texas Court of Appeals, this Court's predecessor court,[2] held:

> "...[A] criminal action is prosecuted in the name of the State of Texas against the person accused, and is conducted by some officer or person acting under the authority of the State, in accordance with its laws."

*Bautsch v. Galveston*, 11 S.W. 414, 415 (Tex. Ct. App. 1889).  The Texas Court of Appeals continued by specifically defining a "criminal action" as any part of the procedure in which "the law provides for bringing offenders to justice."  *Id*.

In a hearing for a motion for shock probation, the State, judge, and defendant are all present, and the authority is derived from the laws of Texas. Thus, a hearing on a motion for shock probation is clearly a "criminal action" under the precedence in *Bautsch*: the State, judge, and defendant are all present, and the State alleges that the defendant committed violations of Texas law.

In fact, all parts of the criminal adjudication process in Texas is a "criminal action."  A hearing on a motion for shock probation is as much of a *criminal action* as a new trial or a new trial on punishment, which under Texas Rule of Appellate Procedure 21.1(a) is defined as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt," and

---

[2] The Court of Appeals was created by the Texas Constitution of 1876, Article V, Section 4, which removed all criminal jurisdiction from the Supreme Court. In September 1891, a constitutional amendment removed all civil jurisdiction from the Court of Appeals, and its name was changed to the Court of Criminal Appeals.  *See* Texas Archival Resources Online, http://www.lib.utexas.edu/taro/tslac/50019/tsl-50019.html, last accessed on October 29, 2015.

26

under 21.1(b) as "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." *See* Tex. Rule App. Proc. 21.1 (2015).

Other explicit or implicit definitions of "criminal action" support Appellant's arguments. For instance, Texas Penal Code § 3.03(a) provides that "[W]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single **criminal action**, a sentence for each offense for which he has been found guilty shall be pronounced..." Tex. Pen. Code § 3.03(a) (2015) (emphasis supplied). Here, "criminal action" obviously refers to a trial, where like a hearing for a motion for shock probation, the State, judge, and defendant are all present, and the authority is derived from the laws of Texas. *See*, *e.g.*, *Thomas v. State*, No. 05-12-00392-CR, 2013 Tex. App. LEXIS 2095, 2013 WL 1277885 (Tex. App. Dallas, March 1, 2013) (unpublished) (defendant was prosecuted and convicted for seven difference sentences in a single criminal action).

And in *Duran v. State*, 844 S.W.2d 745, 747 (Tex. Crim. App. 1992) (Baird, J. concurring), Judge Baird wrote that the focus of the Court in the case should be to define "criminal action." *Id*. Because "criminal action" is not defined in the Texas Penal Code, Judge Baird cited Black's Law Dictionary, which defines

27

"criminal action" as a "[P]roceeding by which person charged with a crime is brought to trial and either found not guilty or guilty and sentenced, or an action, suit, or cause instituted to punish an infraction of criminal laws." *Id.* (internal citations omitted). Based on an old version of the Code of Criminal Procedure, Judge Baird felt that an order that suspends the imposition of a sentence is not a "criminal action." *Id.* But in a judgment of shock probation, a defendant is indeed originally sentenced and sent to prison, and within 180 days, the trial court may "...[S]uspend further execution of the sentence and place the defendant on community supervision..." Tex. Code Crim. Proc. Art. 42.12 § 6(a) (2013).

Other authority in which "criminal action" is defined that supports Appellant's arguments are as follows: in Ohio, a "criminal action" or "criminal proceeding" implies a "formal process involving a court." *See State v. Wimley*, 2011-Ohio-5639, 2011 Ohio App. LEXIS 4607, 2011 WL 5188091 (Ct. App. Ohio, 9th Dist. 2011); *see also People v Fisher*, 167 Misc.2d 850, 635 NYS.2d 1002 (Crim. Ct., Richmond County 1995) (A "criminal action" is a court proceeding during which a prosecution is conducted "against a party charged with a crime."); *State v. Curran*, 628 P.2d 1198, 1202 (Ore. 1981) ("Criminal action means an action at law by means of which a person is accused and tried for the commission of an offense.); *State v. American-News Co.*, 253 N.W. 492, 496 (S.D. 1934) ("A criminal action is one prosecuted by the state as a party, against a

28

person charged with a public offense, for the punishment thereof."); *In re Dervaes*, 81 B.R. 127, 129 (Bankr. S.D. Fla. 1987) (A "criminal action" is one brought to enforce criminal law. Criminal law is (a) a legislative enactment (b) applicable to at least a class (c) prohibiting specified conduct and (d) providing punishment by fine payable to, or imprisonment by, the state (e) upon the state's complaint.).

Thus, the trial court correctly certified this case for appeal by signing the Certification of Appellant's Right of Appeal, certifying that this is a criminal case, and the order to be appealed is entitled *Order Placing Defendant on Probation* signed by the trial court on October 28, 2013, in which the trial court placed the defendant on community supervision under Texas Code of Criminal Procedure Article 42.12, § 6, the shock probation statute. (CR, 79). The trial court further certified that the order dated October 28, 2013 is an appealable order, and that Appellant has the right of appeal under the Texas Rules of Appellate Procedure. (CR, 79); *see* Tex. Rule App. Proc. 25.2(a)(2) (2013). Appellant is "a defendant in (a) criminal action" and thus has the right of appeal in this case. Although the shock probation statute does not specifically provide the right to appeal a condition of shock probation or a part of the shock probation order, a shock probation proceeding is a criminal action, and Article 44.02 and *Bautsch* confer the right to an appeal from a criminal action.

**ii. The issue appealed was the unconstitutional imposition of restitution in the shock probation order, and not the granting of shock probation. The imposition of restitution unconstitutionally enlarged Appellant's punishment and sentence in violation of the double jeopardy clause. This result should not be allowed by this Court because absent restraints imposed by this Court and the right to appeal such trial court error, a trial court may impose any punishment as part of shock probation, however onerous.**

Appellant now addresses the issue that the Court of Appeals declined to address, which is whether the trial court abused its discretion by imposing as a condition of community supervision or as part of the shock probation order an order of restitution on Appellant in the shock probation order dated October 28, 2013 even though there was no restitution imposed on May 31, 2013 in the *Judgment Adjudicating Guilt*. A summary of the timeline is as follows:

| Judgment | Date | Punishment |
|---|---|---|
| *Order of Deferred Adjudication* | December 7, 2007 | Suspended, deferred adjudication |
| *Judgment Adjudicating Guilt* | May 31, 2013 | 10 years TDCJ, no restitution, nearly five months in prison |
| *Order Placing Defendant on Probation* (shock) | October 28, 2013 | 5 years community supervision, $9,085 restitution |

In the May 31, 2013 *Judgment Adjudicating Guilt*, Appellant was punished because as a result of this order, Appellant spent nearly five months in prison before he was "shocked" and returned to the trial court. So, as the following will show, when the trial court imposed the shock probation order dated October 28, 2013 and added the second punishment of restitution that was originally imposed in the *Order of Deferred Adjudication*, but that was missing from the *Judgment*

30

*Adjudicating Guilt* dated May 31, 2013 (missing from both the judgment and the oral order imposed in open court), the trial court abused its discretion and violated Appellant's Fifth Amendment rights by punishing him twice for the same conduct.

First, appellate review of the amount of restitution ordered by the trial court is limited to whether the court abused its discretion in setting the amount. *See Collins v. State*, 754 S.W.2d 818, 823 (Tex. App. Houston [1st Dist.] 1988, *pet. ref.*); *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002).

Second, although the trial court's granting of shock probation was correct, the imposition of the restitution order was not. A trial court has jurisdiction to grant shock probation for a limited period after the defendant begins a sentence of incarceration. Tex. Code Crim. Proc. Art. 42.12 § 6 (2013). The trial court's authority to grant shock probation extends only from the date that the execution of the sentence actually begins until the expiration of 180 days from that date Tex. Code Crim. Proc. Art. 42.12 § 6(a) (2013). The *Judgment Adjudicating Guilt* was dated May 31, 2013 (beginning of incarceration) and the *Order Placing Defendant on Probation* was dated October 28, 2013 (shock probation order). Because the shock probation order was entered within 180 days of the *Judgment Adjudicating Guilt*, the trial court had jurisdiction to enter the shock probation order.

However, the trial court erred and abused its discretion when it imposed

31

restitution in the shock probation order. Although the amount of restitution imposed upon a defendant is a matter for the trial court's determination, due process requires that there be evidence in the record to show that the amount set by the court has a factual basis. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980); *Botello v. State*, 693 S.W.2d 528, 530 (Tex. App. Corpus Christi 1985, *pet. ref.*). Here, (1) there was no factual basis for restitution in the record when the trial court adjudicated Appellant's guilt on May 31, 2013, (2) no restitution was rendered or imposed in open court, and (3) the *Judgment Adjudicating Guilt* dated May 31, 2013 does not contain any order of restitution. As a result, the trial court abused its discretion when it ordered restitution in the shock probation order.

Thus, because Appellant was already punished once in the May 31, 2013 *Judgment Adjudicating Guilt* because as a result of this order, Appellant spent nearly five months in prison before he was "shocked" and returned to the trial court and no restitution order was entered, Appellant cannot be punished again in the shock probation order by a revival and imposition of restitution. Under the Fifth Amendment, no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Fifth Amendment offers three distinct constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments

for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds* by *Alabama v. Smith*, 490 U.S. 794 (1989); *See also Lopez v. State*, 108 S.W.3d 293, 295-296 (Tex. Crim. App. 2003). Because the trial court imposed punished in the form of restitution in the shock probation order after Appellant already spent time in prison due to the May 31, 2013 order, the trial court punished Appellant two times for the same offense, so this punishment violates the Fifth Amendment.

Third, "restitution is punishment." *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see also Cabla v. State*, 6 S.W.3d 543, 546 (Tex. Crim. App 1999) and *Martin v. State*, 874 S.W.2d 674, 678 (Tex. Crim. App. 1994). The *Judgment Adjudicating Guilt* dated May 31, 2013 imposed punishment on Appellant in the form of prison time, but not restitution. When the trial court imposed restitution in the shock probation order, it punished Appellant a second time for the same conduct, which violates the Double Jeopardy Clause of the Fifth Amendment.

Fourth, the fact that restitution was not ordered in open court on May 31, 2013 is dispositive because an order of restitution must be included in the oral pronouncement to be valid. In *Weir v. State*, 252 S.W.3d 85 (Tex. App. Austin 2008), *affirmed in part and reversed in part*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009), the defendant was ordered to pay restitution as a condition of

33

community supervision. *Id*. at 86. The State filed a motion to revoke the community supervision. *Id*. During the revocation hearing, the trial court adjudicated the defendant guilty and sentenced him to prison for ten years. *Id*. at 87. In its oral pronouncement, the trial court failed to mention the previously ordered restitution or court costs. *Id*. The written judgment arising out of the same revocation hearing, however, required the defendant to pay the restitution and the court costs. *Id*.

The Third Court of Appeals held that restitution must be pronounced orally to be included in the written judgment. *Id*. at 87-88. The Court also held that the costs provision in the written judgment had to be deleted after deciding that court costs are at least in part punitive. *Id*. at 88-90.

The State petitioned this Court for review, arguing that the assessment of **court costs** need not be included in the oral pronouncement of sentence because ***court costs are not punitive***. *See Weir*, 278 S.W.3d at 365 (emphasis supplied). This Court agreed in part, holding that **court costs** indeed are not punitive, and therefore did not have to be included in the oral pronouncement of sentence in that case as a precondition to their inclusion in the trial court's written judgment. *Id*. at 367. The remainder of the judgment, however, was affirmed, so **restitution**, unlike court costs, were affirmed to be punitive (restitution is punishment). *Id*. *See also Alexander v. State*, 301 S.W.3d 361, 367 (Tex. App. Fort Worth 2009, *no pet*.) (An

order of restitution must be included in the oral pronouncement to be valid).

Thus, because the trial court did not order restitution in open court on May 31, 2013, the trial court may not revive the restitution issue months later and impose it on Appellant in the shock probation order.

Appellant also points to *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App. Dallas 1998), where the trial court assessed a fine of $2,000 in the *Order of Deferred Adjudication*. *Id*. When the trial court later adjudicated the defendant's guilt, it failed to orally pronounce the fine, but it included the fine in the written judgment. *Id*. The Court of Appeals held that when a defendant receives deferred adjudication community supervision, no sentence is imposed. *Id*. And when guilt is adjudicated, the judgment of adjudication sets aside the underlying *Order of Deferred Adjudication Id*. As a result, the defendant is entitled to have his sentence pronounced orally in his presence, and the oral pronouncement controls when there is a conflict between it and the written judgment. *Id*. Since the trial court did not assessed the fine as part of the defendant's sentence after guilt was adjudicated, the Court of Appeals deleted the fine from the judgment. *Id*.

In summary, if restitution is not imposed in open court or entered into a judgment, the issue of restitution is finally settled, and it cannot be revived and imposed at a later time. In Appellant's case, when the trial court entered its May 31, 2013 *Judgment Adjudicating Guilt*, and Appellant spent months in prison,

35

Appellant's punishment was imposed. Since no restitution was ordered in open court in Appellant's "punishment" arising from the May 31, 2013 *Judgment Adjudicating Guilt*, when the trial court entered the shock probation order on October 28, 2013 and imposed restitution, **the trial court punished Appellant a second time for the same conduct**. This violates the Double Jeopardy Clause.

The remedy here is to delete the restitution order in the shock probation order. An order of restitution is part of the judgment and does not merely act as a condition of community supervision. In *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004), this Court noted that the restitution statute, Texas Code of Criminal Procedure 42.037, states in relevant part that "the imposition of the order [of restitution] may not unduly complicate or prolong the sentencing process." *Id.* at 15; *see* Tex. Code Crim. Proc. Art. 42.037(e) (2004). This statement "implies that restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed." *Bailey*, *id*. at 15. This Court also noted that "Article 42.01(1)(25) prescribes that 'the judgment' should reflect '....a statement of the amount of restitution ordered.'" *Id.*

Appellant also notes that Texas Code of Criminal Procedure Article 43.037 provides that a trial court may order the defendant "to make restitution to any victim of the offense or to the compensation to victims of crime fund..." Tex. Code Crim. Proc. Art. 43.037(a) (2015). A trial court's power to restrain a person lies in

its power to enter a judgment, and Article 43.037 and this Court's explanation in *Bailey* make it clear that an order of restitution is part of the judgment and not merely a condition of community supervision. *See also* Tex. Code Crim. Proc. Art. 42.12 § 23(a) (2015) ("[T]he judge shall enter the amount of restitution or reparation owed by the defendant on the date of revocation **in the judgment** in the case") (emphasis added) and Tex. Code Crim. Proc. Art. 42.12 § 2 (2015) (Restitution is part of the judgment and does not merely act as a condition of community supervision because both the state and the victim of a criminal offense may hold a statutory restitution lien arising from any judgment in a criminal case that is entered. The victim has a lien to secure the amount of restitution to which the victim is entitled under the order of a court in a criminal case, and the state has a lien to secure the amount of fines or costs entered against the defendant in the judgment in a felony criminal case.).

Finally, even if a restitution order is not included in a judgment but added to the conditions of community supervision, an invalid condition of community supervision must be deleted. *See Ex parte Pena*, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987) and *Reasor v. State*, 281 S.W.3d 129, 135 (Tex. App. San Antonio 2008, *pet. ref.*) (community supervision order modified to delete portion of judgment imposing restitution); *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App. Waco 2002, *no pet.*).

### iii. The cases cited by the Court of Appeals do not support its conclusion that it lacks jurisdiction.

The cases cited by the Court of Appeals in its *Memorandum Opinion* do not deal with an unconstitutional imposition of restitution in an order granting shock probation. In *Perez v. State*, 938 S.W.2d 761, 762-763 (Tex. App. Austin 1997, *pet. ref.*), the defendant complained of a condition of shock probation that required him to report to law enforcement to complete paperwork for sex offender registration within seven days. *Id*. at 762. *Perez* did not involve a challenge to the imposition of unconstitutional restitution in the order granting shock probation.

In *Pippin v. State*, 271 S.W.3d 861 (Tex. App. Amarillo 2008, *no pet.*), the defendant was convicted of state jail felony theft. *Id*. at 861. The defendant is assessed two years in state jail, and the sentence is ordered to run consecutive to another sentence. The defendant files a timely motion for shock probation, which is granted. *Id*. at 861-862. On appeal, the defendant: (1) argued that the trial court erred by denying shock probation in the other case that he was required to serve consecutive to the sentence before the court, and (2) excepted to a condition of the shock probation. *Id*. The court found that the appellant's case "...presents a novel question in that he is effectively contesting a condition of the trial court's order granting of shock probation in the case on appeal, while simultaneously appealing the trial court's denial of shock probation in multiple cases that are not on appeal."

38

*Id*. at 863-864.  *Pippen* did not involve a challenge to the judgment granting shock probation itself.

In *Roberts v. State*, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App. San Antonio Nov. 10, 2010, *pet. ref.*) (mem. op., not designated for publication), as a condition of shock probation, the defendant was ordered to pay $70,000.00 to a children's charity of his choice. *Id*. at *1-2. This did not appear to be imposed as restitution, but merely as a condition of shock probation.  The defendant argued that he was not appealing the grant of shock probation, but only the terms and conditions of the shock probation, and specifically the condition of the $70,000 charitable contribution.  *Id*. at *2. Relying on *Perez,* 938 S.W.2d 761, the court of appeals found that it had no jurisdiction over the appeal.  *Id*.  Again, the issue was not the imposition of restitution in the shock probation order.

Finally, in *Thursby v. State*, 05-94-01772-CR, 1997 WL 472310, 1997 Tex. App. LEXIS 4378 (Tex. App. Dallas Aug. 20, 1997, *pet. ref.*) (mem. op., not designated for publication), after being placed on shock probation, the appellant was charged with new offenses, pleaded true to the new offenses, so his shock probation was revoked.  *Id*. at *1-3. *Thursby* bears no relevance to Appellant's case.  As a result, none of the cases relied upon by the Court of Appeals support its conclusion that it lacks jurisdiction of Appellant's case.

### iv. Conclusion

The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from criminal actions, and under this Court's holding in *Bautsch*, a hearing on a motion for shock probation is a criminal action; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation. As a result, this Court should hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order. As a remedy, this Court should modify the *Order Placing Defendant on Probation* dated October 28, 2013 (shock probation order), and delete the restitution order.

**2. Issue Two: In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.**

    **i. Argument**

Without waiving the arguments in Issue One, in the alternative, Appellant argues that *Houlihan* and *Basaldua* allow this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the relief requested in Issue One.[3] In *Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979), the defendant appealed the trial court's order that denied his motion for shock probation. *Id.* at 214-215. This Court held that it was without appellate jurisdiction to consider an order **denying** a motion for shock probation. *Id.* at 215-216 (emphasis supplied). As a result, this Court held, "[T]he only approach is to treat this purported appeal as an application for the extraordinary writ of mandamus." *Houlihan*, 579 S.W.2d at 217. Appellant does not appeal an order *denying* or *granting* his motion for shock probation, but rather appeals the unconstitutional imposition of restitution as part of the shock probation order. Therefore, Appellant's case may be considered as a mandamus action.

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion and where the remedy by appeal is inadequate. *See In re Kuntz*, 124 S.W.3d 179, 181-182 (Tex. 2003). This Court has both

---

[3] This argument was raised by Appellant in the Court of Appeals in a letter brief dated April 13, 2015.

constitutional and statutory authority to issue the writ of mandamus in criminal law matters. Tex. Const. Art. 5, § 5; Tex. Code Crim. Proc. Art. 4.04 § 1 (2015).

Mandamus is the proper remedy to set aside an action that has already been taken, such as an improper order of the trial court. *Garcia v. Dial*, 596 S.W.2d 524, 529 (Tex. Crim. App. 1980); *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983); *In re Wise*, 20 S.W.3d 894, 895 (Tex. App. Waco 2000, *no pet.*) (Equitable principles govern mandamus relief). The prerequisites for a writ of mandamus are: (1) the lower court must have a legal duty to perform a nondiscretionary act, (2) the party must make a demand for performance, and (3) the lower court must refuse that request. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). These conditions must relate to an unequivocal, unconditional, and present duty on the part of the lower court. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on rehearing).

A trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if the trial court's act is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-242 (Tex. 1985). A trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Id*. Mandamus also lies over an interlocutory order or temporary order that the court had no jurisdiction to make. *In re Cornyn*, 27 S.W.3d 327, 332 (Tex. App. Houston [1st Dist.] 2000, orig. proceeding); *see Eckels v. Gist*, 743 S.W.2d

330 (Tex. App. Houston [1st Dist.] 1987, *no writ*) (Mandamus is an appropriate remedy to nullify an order entered without legal authority), *see also State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 143 (Tex. App. Dallas 1987, orig. proceeding).

Mandamus is available to challenge a void order of the trial court. *In re Dilley I.S.D.*, 23 S.W.3d 189, 191 (Tex. App. San Antonio 1999, orig. proceeding). Mandamus is also proper when a trial court issues an order beyond its jurisdiction, and when a court does so, the relator need not show that he does not have an adequate remedy on appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000). Mandamus and prohibition are specifically available in a criminal action if the relator shows: (1) that the act he seeks to compel or prohibit does **not** involve a discretionary or judicial decision; and (2) that he has no adequate remedy at law to redress the harm that he alleges will ensue. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009).

As Appellant shows in Issue One, the order imposing restitution in the shock probation order violates the Double Jeopardy Clause and is void, so mandamus lies. As a result, should this Court decline to grant the relief requested in Issue One by the procedural process outlined, Appellant asks this Court to exercise its mandamus jurisdiction as allowed in *Houlihan* and grant the relief requested in Issue On in substance.

This Court may also exercise its habeas corpus jurisdiction and grant the relief requested in Issue One in substance. In *Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977), the defendant appealed an order denying a motion to modify conditions of probation. *Id*. at 3. The conditions complained of were a fine, court costs, payment for the cost of his court-appointed attorney, and submission to a search at the discretion of his probation officer. *Id*. The defendant filed a motion to modify these conditions, which was denied by the trial court. *Id*. The defendant appealed, and this Court found that although it did not have jurisdiction to entertain an appeal of the order denying the motion to modify the conditions of probation, this Court may consider the case on its merits because it appeared to be a writ of habeas corpus, as "[I]f the facts raise a proper habeas corpus issue, then the proceedings should be considered as a habeas corpus proceeding since to dismiss the appeal and require a new and separate habeas corpus application would require a useless thing." *Id*. at 5-6.

Therefore, should this Court decline to grant the relief requested in Issue One by the process outlined in Issue One, or as a mandamus action, Appellant asks this Court to grand the relief requested as though this action is a writ of habeas corpus. Like mandamus, in the exercise of its original jurisdiction, this Court has both constitutional and statutory power to issue writs of habeas corpus. Tex.

Const. Art. 5, § 5; *see* Tex. Code Crim. Proc. Art. 4.04 § 1 (2015); *see also Ex parte Powell*, 558 S.W.2d 480, 482 (Tex. Crim. App. 1977).

Appellant restates the two additional supporting factors he noted in the petition for discretionary review for the relief requested under mandamus or prohibition. First, in its brief, the State agreed that the trial court erred in imposing the restitution. *See* State's Brief, 5 ("The State agrees that the trial court erred in including restitution in the amount of $6,178 in Appellant's conditions of community supervision for shock probation."). This is a **judicial admission** by the State agreeing that the trial court erred in imposing the restitution. A judicial admission relieves the opposing party of proving the fact admitted and precludes (estops) the admitting party from disputing it. *See Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458, 466 (Tex. 1969) and *Tempo Tamers, Inc. v. Crow-Houston Four LTD.*, 715 S.W.2d 658, 668 (Tex. App. Dallas 1986). A judicial admission is a deliberate, clear, and unequivocal formal act made by a party, which if true and not modified or explained by him, would defeat his right to recovery or defense. *Thomas v. St. Joseph Hospital*, 618 S.W.2d 791, 794 (Tex. Civ. App. Houston [1st Dist.] 1981, *writ ref. n.r.e.*). A judicial admission is not "evidence," but is a "formal concession in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Bryant*

*v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). The State stating in its brief

that "The State agrees that the trial court erred in including restitution in the

amount of $6,178 in Appellant's conditions of community supervision for shock

probation" could not be any more "deliberate, clear, and unequivocal."

Second, Judge Yeary's dissent in *Ex parte Green*, WR-82,072-01, 2015 Tex.

Crim. App. Unpub. LEXIS 246 (Tex. Crim. App. April 1, 2015) (per curiam)

provides support to the argument that this litigation should end now. In *Green*, this

Court granted relief because the defendant placed his *pro se* petition for

discretionary review into the prison mail system on the date it was due, so the court

erred by dismissing the petition as untimely. In his dissent, Judge Yeary argues that

the defendant has a valid habeas claim because his trial counsel was ineffective due

to failing to object to an improper stacking the defendant's sentences. Although

this Court granted the out-of-time petition and dismissed the other claims, Judge

Yeary concluded that he would grant relief immediately on the ineffective

assistance claim because:

> "There is little doubt that, even if applicant complains about the stacking order in a new petition for discretionary review, he will not get relief for that claim in that proceeding. Who knows whether the pro se Applicant in this case will continue to pursue that claim if his petition for discretionary review is refused? He might. Or he might lose heart and give up hope. This Court's decision today affords only part of the relief to which Applicant is entitled, and because it only affords relief that is unlikely to result in a timely review of the trial court's stacking order in his case, **he will simply be required to file another postconviction application for writ of habeas corpus at**

**some future date if he wants to obtain the relief to which he is demonstrably entitled. Because I fail to see the point in that,** I respectfully dissent.

*Id*. *dissent* at \*7-8 (emphasis supplied).

Judge Yeary does not use the phrase "appellate orbit," but his dissent can be taken as follows: if relief may be granted on the merits of a claim without violating basic principles of appellate review (i.e., rules regarding preservation of error, etc.), rather than launch the appellant into what undersigned counsel describes as "appellate orbit," which may take years to reach final resolution, a reviewing court should determine the case on its merits in the first instance.

### ii. Conclusion

As an alternative to Issue One, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits as argued in Issue One, and grant the requested relief. Appellant understands that if this Court denies the relief requested, Appellant may later file a writ of habeas corpus under Article 11.072 raising these same issues. This writ will likely be denied by the trial court, and then he can appeal the denial to the court of appeals, and then petition this Court for review. However, because Appellant is before the Court now, going the Article 11.072 route will take perhaps up to another two years, so rather than let Appellant fall into this "appellate orbit," Appellant respectfully asks this Court to grant relief now.

47

## XI. Conclusion and Prayer

For the reasons stated in this Brief, the Court of Appeals has: (1) decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals; (2) decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States; and (3) misconstrued a statute. *See* Tex. Rule App. Proc. 66.3 (b)-(d) (2015). Appellant respectfully prays that this Court hold that a hearing on shock probation is a "criminal action" and that a person may appeal an unconstitutional imposition of restitution in a shock probation order. Appellant also asks this Court to modify the *Order Placing Defendant on Probation* dated October 28, 2013 (shock probation order), and delete the restitution order.

Respectfully submitted,

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**/s/ Michael Mowla**
By: Michael Mowla

## XII. Certificate of Service

This certifies that on October 29, 2015, a copy of this document was served on Lori Ordiway and Lisa Smith of the Dallas County District Attorney's Office, Appellate Division, 133 N. Riverfront Boulevard, Dallas, Texas 75207 by email to lori.ordiway@dallascounty.org, lisa.smith@dallascounty.org, and DCDAAppeals@dallascounty.org; and also on Marissa Elmore at marisa.elmore@dallascounty.org; and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and Tex. Rule App. Proc. 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

## XIII. Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 15,000 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 8,214 words in the document *except* in the following sections: caption, identity of parties and counsel, table of contents, table of authorities, statement of the case and jurisdiction, statement regarding oral argument, statement of issues or questions presented, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

# APPENDIX

## *Shortt v. State*

Court of Appeals of Texas, Fifth District, Dallas

May 12, 2015, Opinion Filed

No. *05-13-01639-CR*

**Reporter**

2015 Tex. App. LEXIS 4808

BERNARD WINFIELD SHORTT, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** **[\*1]** On Appeal from the 194th Judicial District Court, Dallas County, Texas. Trial Court Cause No. F07-00193-M.

## Core Terms

restitution, probation, shock, trial court, community supervision, sentence, conditions, appeals, guilt, pet

## Case Summary

### Overview

HOLDINGS: [1]-The parties could not confer jurisdiction on the appellate court even if they agreed to do so because *Tex. Code Crim. Proc. Ann. art. 42.12, § 6* (Supp. 2014) did not confer jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation.

### Outcome

Appeal dismissed.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Probation > Revocation > Proceedings

Criminal Law & Procedure > Appeals > Appellate Jurisdiction > Authority of Appellate Court

*HN1* As other Texas courts have previously held, there is no statutory authority which confers jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation pursuant to *Tex. Code Crim. Proc. Ann. art. 42.12, § 6* (Supp. 2014). The statute currently permits appeals of an order revoking probation, *Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)*.

**Counsel:** For Appellants: Michael Mowla, Cedar Hill, TX.

For Appellees: Marissa Elomore, Susan Hawk, Dallas, TX.

**Judges:** Before Justices Francis, Evans, and Stoddart. Opinion by Justice Evans.

**Opinion by:** DAVID EVANS

## Opinion

**MEMORANDUM OPINION**

Opinion by Justice Evans

Appellant Bernard Winfield Shortt appeals from an order granting him shock probation which imposed restitution as a condition of probation. Appellant contends the order violates his *Fifth Amendment* right against double jeopardy and requests that this court delete the restitution order. The State did not agree there was a constitutional infirmity, but agreed for statutory reasons that the trial court erred by ordering appellant to pay restitution and requested that this Court modify the order to delete the condition requiring restitution. After a review of the issue before us, we dismiss the appeal for want of jurisdiction.

**BACKGROUND**

In January 2007, appellant was indicted for burglary of a habitation. On October 12, 2007, appellant signed a judicial confession and a plea agreement which recommended that he receive seven years' deferred community supervision as his sentence. Appellant waived trial by jury and entered a guilty plea. The court accepted appellant's plea but did **[*2]** not make a finding of guilt and passed the case to a later date. On December 7, 2007, the court held a hearing and placed appellant on seven years' deferred adjudication and ordered payment of $9,085 in restitution. The conditions for appellant's community supervision required, among others things, that he make monthly payments toward his restitution, complete 800 hours of community service, and report to a supervision officer.

On May 17, 2013, the State filed a motion to revoke probation or proceed with an adjudication of guilt after appellant violated numerous conditions of his probation including failure to pay restitution. At the subsequent revocation hearing, appellant entered a plea of "true" to the State's allegations. Appellant also signed a plea agreement in which he admitted to violating the conditions of his community supervision including the failure to pay restitution. The trial court concluded that appellant had violated the terms of his probation and entered a Judgment Adjudicating Guilt. This judgment sentenced appellant to ten years' confinement. The trial court did not orally pronounce a fine or restitution, and the section in the judgment referring to restitution **[*3]** reads: "Restitution: $N/A."

Appellant began his incarceration on May 31, 2013 and remained incarcerated until October 25, 2013 when he returned to court for a shock probation hearing. At the hearing, the trial court asked appellant if he owed restitution and appellant's counsel objected. Counsel argued that because the trial court did not pronounce restitution during sentencing at the revocation hearing, the trial court could not include

it among the conditions of appellant's shock probation. At the conclusion of the hearing, the court granted the request for shock probation, suspended the ten-year sentence of imprisonment, placed appellant on five years' community supervision and ordered, over counsel's objection, appellant to pay restitution. The trial court required payment of restitution as a condition of community supervision. Condition (q) of appellant's conditions of community supervision addressed the issue of restitution:

> Make restitution in the amount of $6,178.00 for the loss sustained by the injured party. Payments are to be paid through the community supervision officer of this court at the rate of $110.00 per month. First payment is due on or before 11/30/2013 and a like **[*4]** payment is due on or before the first day of each month thereafter until paid in full[.]

Appellant then filed a notice of appeal regarding the restitution provision in the order.

## ANALYSIS

In his sole point of error, appellant asserts that the trial court erred and violated his *Fifth Amendment* right against double jeopardy by including restitution as a condition of his shock probation. The State did not concede that a violation of appellant's *Fifth Amendment* rights had occurred, but did concede that the court lacked statutory authority to include the restitution in the order granting shock probation.[1] We do not reach these arguments because of the jurisdictional impediment in this case.

The trial court certified appellant could appeal this case and, as noted above, both appellant and the State filed briefs treating the case as appealable. But the parties cannot confer jurisdiction on this court even if they agreed to do so. *See State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996)* ("subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute"), *overruled on other grounds by State v. Medrano, 67 S.W.3d 892 (Tex. Crim. App. 2002)*; *see also Zepeda v. State*, 993 S.W.2d 167 (Tex. App.—1999, pet. ref'd) (declining to construe appeal for denial of shock probation as a writ of habeas corpus because appellate court lacks original habeas corpus jurisdiction in criminal matters). *HN1* As other Texas courts have previously **[*6]** held, we hold that there is no statutory authority which confers jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation pursuant to *article 42.12 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6* (West Supp. 2014); *Perez v. State, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd)* (dismissing appeal for lack of jurisdiction because defendant cannot appeal an order granting shock probation); *Pippin v. State, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.)* (same); *see also Houlihan v. State, 579 S.W.2d 213 (Tex. Crim. App. 1979)* (dismissing appeal of order denying motion for shock probation); *Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)* (dismissing appeal of

---

[1] The trial court sentenced appellant to ten years' confinement in the order adjudicating guilt but did not mention restitution. The Texas Court of Criminal Appeals has twice concluded that restitution is punitive in nature. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). The court has held that if restitution is ordered, judgments are required to state the amount of restitution. *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01(25)). The court of criminal appeals has further concluded that where neither the parties nor the trial court mention restitution during the sentencing hearing or as **[*5]** part of the oral pronouncement of sentence yet restitution appears in the written judgment, the defendant is entitled to have the order of restitution deleted from the judgment. *Burt v. State*, 445 S.W.3d 752, 757-58 (Tex. Crim. App. 2014) (citing numerous authorities). Here, we understand the State to argue that because the trial court did not include restitution as part of its pronouncement of its adjudication of guilt, no provision of article 42.12 authorized the court to impose restitution later as a term of probation in the trial court's shock probation order. The court of criminal appeals has not reached this issue.

order denying modification of conditions of shock probation); *see also Roberts v. State, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App.—San Antonio Nov. 10, 2010, pet. ref'd)* (mem. op., not designated for publication) (dismissing appeal of shock probation); *Thursby v. State, 05-94-01772-CR, 1997 Tex. App. LEXIS 4378, 1997 WL 472310, at *3 (Tex. App.—Dallas Aug. 20, 1997*, pet. ref'd) (mem. op., not designated for publication) (same). The statute currently permits appeals of an order revoking probation. *See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)* (defendant "may appeal the revocation"). Because appellant appeals from an order granting shock probation, we do not have jurisdiction to consider his appeal.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

/David Evans/

DAVID EVANS

JUSTICE

Do Not Publish

*Tex. R. App. P. 47*

## JUDGMENT

Based on the Court's opinion of this date, the appeal is dismissed for want **[*7]** of jurisdiction. Judgment entered this 12th day of May, 2015.